MICHAEL L. HILLER, Respondent, *v.* THE BURLINGTON AND MISSOURI RIVER RAILROAD COMPANY IN NEBRASKA, Appellant.

70   223
115  441
70    223
147   622

Plaintiff made a contract with defendant, a foreign corporation, to enter its service for a term of years, his business being to procure emigrants to purchase and settle on defendant's lands in Nebraska. Plaintiff was bound to maintain during the whole time an office in the city of New York, and was to go to Europe for two or three months to arrange for emigration. Plaintiff entered upon the employment and kept open an office in said city until the contract was terminated by defendant. In an action for services under the contract and for damages for the breach thereof, *Held*, that it was to be assumed that the parties understood that plaintiff's principal duties under the contract would be discharged in New York city; that the cause of action arose within this state, and therefore a service of the summons upon one of defendant's directors

while he was temporarily in this state on his own business was a good service, and a sufficient commencement of the action, although defendant had no property in this state.

Also, *held,* that the legislature had authority to provide for and authorize such a service.

As a general rule any service will be deemed sufficient which renders it reasonably probable that the party proceeded against will be apprised of the action against him and have an opportunity to defend, and so long as this general rule is not violated by a mode of service prescribed by the Legislature, no constitutional right of the party served is invaded.

(Argued June 12, 1877 ; decided June 19, 1877.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, reversing an order of the Special Term, which set aside the service of the summons herein.

This action was brought against defendant, a foreign corporation, to recover for services rendered under a contract between the parties, and also damages for a breach of the contract on the part of defendant. The nature of the contract and the facts in relation thereto are set forth in the opinion.

The summons in the action was served upon one of defendant's directors who was temporarily within this state on business of his own.

*Joseph H. Choate,* for the appellant. The service of the summons upon one of defendant's directors, temporarily in this State, was not a ·sufficient commencement of this action, the cause of action not having arisen here and defendant not owning any property here. (Code, §§ 427, 134; *Gibbs* v. *Queen Ins. Co*, 63 N. Y., 114; *Burckle* v. *Eckhart,* 3 id., 132; *Campbell* v. *St. L. R. R. Co.,* 18 How. Pr., 416; *Conn. Mut. L. As. Co.* v. *C., C. & C. R. R. Co.,* 23 id., 180; 41 Barb,, 10; *Pres't Bk. of Com.* v. *R. & W. R. R. Co.,* 10 How. Pr., 1; *Doty* v. *Mich. C. R. R. Co.,* 8 Abb. Pr., 427; *McQueen* v. *Middletown Mfg. Co.,* 16 J. R., 5; *Hulbert* v. *Hope Mut. Ins. Co.,* 4 How. Pr., 275.)

*Clarence Lexow*, for the respondent. The service of the summons upon defendant's director, while temporarily in this state, was a sufficient commencement of the action. (*Gibbs* v. *Queen Ins. Co.*, 63 N. Y., 122; *Barnett* v. *C. & L. H. R. R. Co.*, 4 Hun, 114; Code, §§ 127, 130, 134, 227, 427, 468, 471; Laws 1855, chap. 279; Const., art. 8, § 3; *Lafayette Ins. Co.* v. *French*, 16 How. Pr., 407; *Cavan* v. *Stewart*, 1 Stark. N. P., 200; *Ferguson* v. *Mahon*, 11 A. & E., 179; *Smith* v. *Nicolls*, 5 Bing., N. C., 208; *Burrows* v. *Jennio*, 2 Stra., 733; *Becquet* v. *MacCarthy*, 2 B. & Ad., 951; *Hope* v. *Hope*, 4 De Gex, McN. & G., 328; *Clews* v. *R. & R. I. R. R. Co.*, 49 How. Pr., 117.) The cause of action arose in this State. (*Bk. of Com.* v. *R. & C. R. R. Co.*, 10 How. Pr., 1; *Conn. Mut. L. As. Co.* v. *Cleveland*, 23 id., 180; *Burckle* v. *Eckhart*, 3 Comst., 132.) The law under which the summons was served was not unconstitutional. (*Howard* v. *Moot*, 64 N. Y., 268; *Darcy* v. *Ketcham*, 11 How. Pr., 165.)

EARL, J. The defendant is a foreign corporation, and the question to be determined is, whether the service of the summons upon one of its directors while he was temporarily in this State in the pursuit of his own business, was a sufficient commencement of this action.

I am not satisfied, from the papers before us, that the defendant had any property in this State, and hence this service was authorized, only in case the cause of action arose in this State. (Code, § 134· *Gibbs* v. *Queen Ins. Co.*, 63 N. Y., 114.)

It is well stated by the learned counsel for the appellant to be an obvious principle, that "the cause of action upon a contract arises in the State or place where the principal part of what is contracted to be done is, by its terms, to be performed." (*Burckle* v. *Eckhart*, 3 Com., 132.)

The plaintiff made a contract with the defendant to enter its service for five years. His business was to procure Mennonites, who were expected to emigrate to this country from

Russia, to purchase and settle upon defendant's lands in Nebraska. He was bound during the whole time to maintain, at his own expense, an office in the city of New York, and he was to go to Europe for two or three months to arrange for the emigration of Mennonites to this country. With these two exceptions, the contract specifies no place where service under it was to be performed by the plaintiff. While he was required to settle Mennonites upon defendant's lands in Nebraska, it is not to be inferred that it was any part of his duty to accompany them there. He was to maintain his office in New York; that was to be his headquarters. The emigrants, as we may presume, were expected to land at the port of New York, and plaintiff's negotiations with them or their agents were expected to be carried on there, or by correspondence from there. There could have been no purpose in requiring him, at his own expense, to maintain his office in New York if the principal part of his services were to be rendered elsewhere. From the fact that his office was required to be kept there, we must infer that the parties understood that his principal duties under the contract would be discharged there.

The contract was made November, 1873, and was terminated by the defendant December, 1874. During all that time plaintiff kept open an office in the city of New York, and this action is brought for services rendered under the contract, and for damages on account of the final breach and repudiation thereof by the defendant. It appears to me quite clear, within the rule as above stated, that the cause of action arose in this State.

It is further claimed by the learned counsel for the appellant, that the legislature had no right to provide for and authorize such a service of the summons as was made in this case. He says: "We submit further that it is impossible by the aid of any statute provisions whatever, for a court of this State to acquire jurisdiction over a foreign corporation except by the attachment of its property within this State, or by its voluntary appearance in the suit." This novel

claim is without foundation. Limitations upon the legislative powers of a State Legislature are found in the State and Federal Constitutions; and limitations not found there, either in express language or by necessary implication, do not exist. (*Sill* v. *Corning*, 15 N. Y., 303.) The enquiry therefore is, what constitutional principle is violated by the law under which this service was made?

Corporations are intangible, incorporeal existences, and service of process upon them can only be made by service upon some one of their agents or officers. The legislature has power to determine how and upon whom service shall be made. It may determine that service shall be upon the board of directors while in session, or upon any of the executive or administrative officers, directors, .or other agents. The object of all service of process is said to be to give notice to the party on whom service is made, that he may be aware of and may resist what is sought of him, and it is a general rule that any service must be deemed sufficient which renders it reasonably probable that the party proceeded against will be apprised of what is going on against him, and have an opportunity to defend. (*In re Empire City Bank*, 18 N. Y., 200; *Happy* v. *Mosher*, 48 N .Y., 313; *Gibbs* v. *Queen Ins. Co., supra.*) Hence the legislature of this State has designated the agents of corporations upon whom process may be served. And provisions have been made for the service of process upon natural persons by posting and publication; and notices and citations affecting personal and property rights and interests are authorized in certain cases to be made by publication or by mail, or by leaving the notice or citation at the parties' place of residence or office, All these various forms of service have been sanctioned by the Legislature and the courts, and are absolutely necessary in the administration of justice. So long as the general rule above laid down as to service is not violated, no party can complain that any constitutional right has been invaded. But where a service is authorized by the Legislature which is not according to common experience

reasonably calculated, according to the circumstances of the case, to reach the party intended to be affected, and to give him an opportunity to defend, it may be challenged as a violation of the constitutional provision, that no person shall be deprived of his personal rights or property without due process of law, and so long as a party has the benefit and protection of due process of law, as defined by the courts, he cannot complain that any constitutional right has been invaded. A director of a corporation is one of its principal officers and agents. He is charged with the duty of protecting and promoting its interests. It would be a clear case of misfeasance if process in a suit against the corporation was served upon him, and he did not place it before the board of directors, or in the hands of the proper officers, so that the corporation would suffer no detriment. Hence, service upon such an officer must, within the general rule, be sufficient. It can make no difference that this is the case of a foreign corporation. The statutes give the Supreme Court jurisdiction of suits against such corporations, and by what service that jurisdiction shall be acquired, must, within the general rule above stated, be determined by the Legislature. A judgment rendered upon such service as was made in this case will be valid within this state.

It follows that the order must be affirmed with costs.

All concur.

Order affirmed.