(12 Misc. Rep. 209.)

### CORRELL *v.* GRANGET.

(Superior Court of New York City, Special Term. April, 1895.)

SUMMONS—SERVICE—SUFFICIENCY.

> It is not a good service of a summons to deposit it on a chair in a room in which defendant was, without asking for defendant by name, or stating the nature of the paper, and without offering to deliver it into defendant's hands.

Action by Caroline Correll against Adele Granget. Defendant moves to set aside the service of summons and complaint as irregular. Granted.

A. I. Sire, for the motion.

E. P. Schell, opposed.

GILDERSLEEVE, J. It seems to me that the preponderance of evidence shows that the service of the summons and complaint was irregular. Defendant presents the affidavit of a disinterested eyewitness, in addition to her own, stating that a stranger came into the room in which defendant happened to be at the time, and, without asking for defendant by name, nor stating the nature of the papers, deposited them in a chair, and directly afterwards departed, without offering to deliver them into defendant's hands. This was not a good service. The papers should have been handed to defendant, and, if she refused to take them, the server should have informed defendant of the nature of the papers, and of his purpose to make service of them, and then he should have laid them down at any appropriate place in the presence of the defendant. See Davison v. Baker, 24 How. Pr. 39. It therefore seems to me that the motion to set aside the service of the summons and complaint must be granted, but without costs. Motion granted, without costs.