153 id. 223, 228.) I do not find either in the case of *Young* v. *Young* (*supra*) or the majority opinion in *Matter of Humphrey* (191 App. Div. 291) anything to interfere with the above conclusions, and, if there was nothing else in the case, judgment would follow for defendant. But there is here the question whether there was any intent to make a gift. There was manual delivery, and there was manual acceptance, but the primary requisite of intent seems lacking, and indeed negatived by the terms of the written agreement, above quoted, under which the delivery and acceptance were made. The agreement contains no words of present transfer or present gift. Explicitly it gives the stock into the " possession " merely of the wife, who is " to hold [it] in her possession until after " the husband's death, when, and only when, it is " to become the personal property of " the wife, but if she dies first it is " to be returned    *    *    *    and become part of " the husband's estate. What was said in *Matter of Humphrey* (*supra*, 293) seems inescapably applicable to the present case: " Therefore, all that Walter A. Evans secured by the delivery of this stock was the possession thereof. The title still remained in Margaret P. Humphrey. This clearly appears from the fact that there was no agreement to retransfer or to bequeath it by will, but that the stock, in the event of Evans' death before Mrs. Humphrey's would revert to her. The certificate was to remain in her name, and it was a part of the agreement that all dividends on said stock during her life were to be paid to her. Therefore, Evans merely held the stock during her lifetime with the agreement that he could transfer it to himself after her death. There can be no doubt under these circumstances that Mrs. Humphrey could have at any time revoked the transaction. Until the donor has divested herself absolutely and irrevocably of the title, dominion and control of the subject of the gift she had power to revoke. (*Curry* v. *Powers*, 70 N. Y. 212; *Lehr* v. *Jones*, 74 App. Div. 54.) "

For the reasons stated I am of the opinion that the complaint states a cause of action, and the motion is, therefore, denied, with ten dollars costs.

————————

Eʟɪᴀꜱ Bᴇʀɴꜱᴛᴇɪɴ and Others, Copartners, etc., Respondents, *v.* Hᴀʀʀʏ Hᴀᴋɪᴍ, Appellant.

Supreme Court, Appellate Term, First Department, February 10, 1926.

**Process — summons — service accomplished by fraud and deceit set aside — judgment predicated thereon reversed — defendant appeared specially on motion to vacate.**

Defendant's motion to vacate the service of the summons and complaint herein, procured by fraud and deceit on the part of the plaintiff, should be granted

and the judgment predicated thereon should be reversed for the reason that the court never acquired jurisdiction of the defendant who appeared specially on the motion.

APPEAL by defendant from an order of the Municipal Court, Borough of Manhattan, First District, denying a motion to vacate the service of a summons and complaint and from a judgment entered in this action.

*Droege & Rao* [*O. H. Droege.* of counsel], for the appellant.

*Silberman & Steinfeld* [*Louis R. Bick* of counsel], for the respondents.

PER CURIAM. The appearance of the defendant on the motion to vacate the service of the summons and complaint in this action was in substance a special appearance. Moreover, the court below acquired no jurisdiction over the person of the defendant, as the service of the summons and complaint was procured by fraud and deceit on the part of the plaintiff. Judgment and order appealed from reversed, with ten dollars costs, and motion to vacate the service of the summons and complaint is granted, with ten dollars costs.

All concur; present, BIJUR, DELEHANTY and WAGNER, JJ.

---

PHILIP WERTHMAN, Appellant, *v.* MAX BLATT and Others, Respondents.

Supreme Court, Appellate Term, First Department, February 10, 1926.

Bills and notes — holder in due course — plaintiff, assignee of promissory note made by defendant payable to partnership and transferred to plaintiff's assignor without infirmities, is legal holder thereof — payment to copartner who had parted with possession did not discharge debt.

Plaintiff, assignee of a promissory note made by the defendant and payable to the members of a partnership, which by the terms of a partnership dissolution agreement was transferred to plaintiff's assignor, without infirmities, is the legal holder thereof and is entitled to recover thereon. Payment by the defendant to one of the partners, who had parted with possession of the note, did not discharge the debt.

APPEAL by plaintiff from a judgment of the Municipal Court, Borough of Manhattan, First District, with a judge and jury, dismissing the complaint.

*E. Lloyd Meyer*, for the appellant.

*Abraham A. Pariser*, for the respondents.

PER CURIAM. Assuming, as established, for the jury so found, that the plaintiff is only an assignee of the note in suit, no evidence