JULIAN GUMPERZ, Appellant, v. Dr. HERBERT HOFMANN, Respondent.

First Department, December 13, 1935.

*Maurice J. Speiser* of counsel [*A. Walter Socolow* and *Louis Salant* with him on the brief; *Maurice J. Speiser*, attorney], for the appellant.

*Lowell Wadmond* of counsel [*White & Case*, attorneys, appearing specially], for the respondent.

UNTERMYER, J. The defendant, a physician who resides in Buenos Aires, was sojourning at a hotel in the city of New York when served with the summons in this action. According to the defendant's affidavit the process server called several times at the defendant's rooms while the defendant was absent and on each occasion left a message that Dr. Goldman had called. Eventually the process server, still representing himself to be Dr. Goldman, with a letter from the president of the New York County Medical Society to be personally delivered to the defendant, arranged with the defendant to meet him in the lobby of the hotel. When the defendant arrived he was served with the summons in this action. The process server, in fact, was not a doctor, though his name was Goldman; he was not sent by the president of the New York County Medical Society, and he had no letter for delivery to the defendant. The Special Term vacated the service upon the ground that " the alleged service of the summons was effected through fraud and deceit." Even though we agree with the Special Term in its determination of the facts, we are of opinion that service of the summons ought not to have been set aside.

Whether such a deception as was practiced here will vitiate service of process is a question which does not appear ever to have been decided by this court or by the Court of Appeals. It has indeed frequently been held that service of process will be set aside where the defendant has been enticed into the jurisdiction for that purpose. (*Olean R. Co.* v. *Fairmount Co.*, 55 App. Div. 292; *Garabettian* v. *Garabettian*, 206 id. 502; *Snelling* v. *Watrous*, 2 Paige, 314; *Beacom* v. *Rogers*, 79 Hun, 220; *Metcalf* v. *Clark*, 41 Barb. 45.) These and like cases are distinguishable because in each of them the party

was induced to come here from another State to which our jurisdiction did not extend. (*Atlantic & Pacific Telegraph Co.* v. *Baltimore & Ohio R. R. Co.*, 46 N. Y. Super. Ct. [14 J. & S.] 377; affd., 87 N. Y. 355.) There are, however, some decisions of courts of first instance (*Mason* v. *Libbey*, 1 Abb. N. C. 354; *Bell* v. *Lawrence*, 140 N. Y. Supp. 1106; *Olson* v. *McConihe*, 54 Misc. 48), and one decision of the Appellate Term (*Bernstein* v. *Hakim*, 126 Misc. 582), which hold that even where the defendant is within the jurisdiction, service of process will be set aside if made under conditions similar to those which existed here. It is necessary to decide now whether we will follow these decisions.

We think that legal as well as practical considerations preponderate in favor of the rule that service is not to be invalidated merely because secured by a deception practiced on the defendant, which, in no true sense, was injurious to him. It may fairly be said that there is a duty upon persons within the jurisdiction to submit to the service of process. Although that duty is not legally enforcible, it is, broadly speaking, none the less an obligation which ought not to be evaded by a defendant whom it is attempted to serve. The deception here was, therefore, practiced for the purpose, and had only the effect, of inducing the defendant to do that which in any event he should voluntarily have done.

We cannot fail to be aware of the difficulties which beset the server of process on a defendant who is unwilling to be served, for it is evident that if he discloses his intentions such a defendant is likely to be even more inaccessible than before. For that reason alone we should hesitate to surround the service of process with unnecessary limitations. Needless to say, we do not approve of misstatements made to procure service of process, but, except where the defendant has been lured into the jurisdiction, we think the service is separable from these. Where real injury ensues, the person who is responsible may be held liable for damages in a civil suit. In a proper case he may even be prosecuted criminally. We do not need to go further by holding that service otherwise valid is vitiated on account of a misstatement by which it was procured. The situation in this respect is quite analogous to cases which hold that the court will not reject evidence merely because it has been illegally secured. (*People* v. *Adams*, 176 N. Y. 351; *People* v. *Defore*, 242 id. 13.)

The order should be reversed, with twenty dollars costs and disbursements, and the motion denied.

MARTIN, P. J., MERRELL, MCAVOY and O'MALLEY, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion denied.