Kathryn Clarkson Hatmaker et al., Appellants, v. Charles Frederick Hatmaker and Jane MacDonald Hatmaker, Appellees.

**Gen. No. 44,590.**

176

Opinion filed March 1, 1949. Released for publication April 26, 1949.

EHRLICH & COHN, of Chicago, for appellants; AARON H. COHN, of Chicago, of counsel.

KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, of Chicago, for appellees; WILLIAM H. SYMMES, DAVID JACKER and CHARLES M. RUSH, all of Chicago, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

An appeal by plaintiffs from an order of the Circuit court of Cook county quashing the service of summonses upon defendants.

A summons was filed in the case which shows a return of the sheriff of Macon county, Illinois, that he had ''duly served the within summons on the defendant Charles Frederick Hatmaker by leaving a copy thereof personally with the said defendant the 18th day of September, 1947.'' In view of the attitude of plaintiffs it is unnecessary to consider the return made by the sheriff as to the defendant Jane MacDonald Hatmaker. Defendants filed a special and limited appearance for the sole and only purpose of objecting to the service upon them and to the jurisdiction of the court over them. Plaintiffs state that they ''seek to uphold the validity of the service of summons on the defendant Charles Frederick Hatmaker only, and

limit this appeal to the action of the lower court in quashing the service of summons as to him." The motion to quash insofar as it relates to the service of summons upon defendant Charles Frederick Hatmaker alleges: "A. C. Ammann, Sheriff of Macon County, did not serve the defendant, Charles Frederick Hatmaker by leaving a copy of the summons personally with said defendant and said defendant was not personally served with summons at any time." In support of the motion to quash defendants filed affidavits of Jane MacDonald Hatmaker and Charles Frederick Hatmaker, but we need consider only the affidavit of Hatmaker, which is as follows:

"Charles Frederick Hatmaker, first being duly sworn deposes and says that he is and for more than 16 years last past has been continuously a resident of the City of New York, State of New York; that on September 18, 1947, affiant and his wife, Jane MacDonald Hatmaker, were temporarily in Decatur, Illinois, for the purpose of visiting affiant's wife's sister who was seriously ill. That affiant and his wife were stopping at the Hotel Orlando in Decatur, Illinois, on said date and were registered as regular guests of this hotel. Affiant further states that no copy of a summons in the case of 'Kathryn Clarkson Hatmaker, David Burgoyne Hatmaker, a minor, by Kathryn Clarkson Hatmaker, his mother and next friend, and Joyce Clarkson Hatmaker, a minor, by Kathryn Clarkson Hatmaker, her mother and next friend v. Charles Frederick Hatmaker and Jane MacDonald Hatmaker,' Number 47 C 11847 in the Circuit Court of Cook County, was left with affiant on said date or on any other date. Affiant further states that two copies of said summons were placed under the closed door of affiant's hotel room on said date by a person or persons unknown to affiant. Affiant further states that on said date or on any other date, no person informed affiant that he was an officer authorized to

serve any summons nor did any person inform affiant that such person had any summons to be served upon affiant, nor did any person on said date or any other date inform affiant that he was attempting to serve summons upon affiant. Affiant further states that neither on said date nor on any other date did any person inform affiant of the contents of any summons.''

Plaintiffs filed an answer to the motion to quash, which alleges, *inter alia,* that ''the court has jurisdiction over the person of each of the defendants herein,'' and that ''the Sheriff of Macon County, Illinois served the defendant Charles Frederick Hatmaker by leaving a copy of the summons herein personally with the said defendant on September 18, 1947.'' The answer sets up the return of the sheriff. In support of the answer plaintiffs filed an affidavit of Charles B. Hill, which reads as follows:

''Charles B. Hill, being first duly sworn, on oath deposes and says that he resides at 1115 East Moore Street, Decatur, Illinois; that on September 18, 1947 he was and still is a deputy sheriff of Macon County, Illinois; that on September 18, 1947, he, in the company of one Veldon Turner, attempted to serve summons on Charles Frederick Hatmaker and Jane MacDonald Hatmaker, in the following manner:

''The said Veldon Turner, who was and is a bellboy at the Orlando Hotel, Decatur, Illinois, took affiant to the apartment in said hotel then occupied by Charles Frederick Hatmaker and Jane MacDonald Hatmaker, his wife; that the said Turner knocked upon the door and asked Mr. Hatmaker to open the door to allow a gentleman who was standing there to come in and talk with him; that said Hatmaker replied 'Let him go downstairs on the house telephone and talk to me, I will not open the door'; that affiant thereupon stated to the said Hatmaker through the door that affiant was from the Sheriff's office and that he had two summonses for them, and that if he would not open the door

he would serve them under the door and simultaneously pushed said summonses under the door; whereupon the said Hatmaker replied 'All right'; that thereafter affiant mailed copies of said summonses to the said Charles Frederick Hatmaker and Jane MacDonald Hatmaker, in addition to the two copies which he left under the door.''

Plaintiffs also filed in support of the answer the affidavit of Veldon Turner, which reads as follows:

''Veldon Turner, being first duly sworn, on oath deposes and says that he resides at 1429 East Vanderhoof Street, Decatur, Illinois; that he was employed as a bellboy by the Orlando Hotel, Decatur, Illinois, for some considerable time before September 18, 1947 and is still so employed; that on September 18, 1947 Charles B. Hill requested affiant to take him to the rooms of Charles Frederick Hatmaker and Jane Mac-Donald Hatmaker, which he did, and affiant having had acquaintance with the said Charles Frederick Hatmaker, knew his voice and knew him to be inside his rooms; that affiant told said Hatmaker that there was a gentleman outside who wished to talk to him and to please open the door; that Mr. Hatmaker refused to open the door; that thereupon Mr. Hill said that he would place the summonses under the door and did so, and Mr. Hatmaker said 'All right.' Whereupon, both affiant and Mr. Hill withdrew.''

Section 13 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1947, ch. 110, par. 137 [Jones Ill. Stats. Ann. 104.013]), insofar as it applies to the instant case, provides:

'' (Service on individuals.) Except as otherwise expressly provided herein, service of summons upon an individual defendant in any civil action shall be made (1) by leaving a copy thereof with the defendant personally . . . .''

Plaintiffs strenuously contend that under the particular facts of this case the service complied with

the statute, *especially in view of defendant's acquiescence in the procedure followed by the deputy sheriff.* Plaintiffs call our attention to the fact that the motion to quash insofar as it applied to defendant Charles Frederick Hatmaker was supported only by the affidavit of said defendant, and they insist that the motion amounted to no more than an attempt to overcome the return of the sheriff by the unsupported affidavit of said defendant. Defendants state that the rule is that the return of the sheriff on the summons is not conclusive evidence of the service and that an alleged service will be set aside where it is shown by clear and satisfactory evidence that the return is false; that in the instant case "the sheriff's return of personal service is overcome by the affidavit of his own deputy." The essential facts surrounding the alleged service are clear, and we have considered them all in passing upon this appeal. Counsel for both sides state that there is no decision in this State that squarely applies to the question before us. Plaintiffs cite a number of cases of the sister States in support of their position and while none of them is squarely in point they do show that the courts in passing upon questions of service of summonses attach importance to the fact that the party alleged to have been served was attempting to evade service at the time of the alleged service. Defendants state that "the simple question presented in this case is whether a defendant can be served personally by placing a copy of a summons under a closed outer door." If this statement contained all of the essential facts the question would, of course, be answered in the negative, but the determination of the question before us requires a consideration of all of the facts surrounding the alleged service. The facts, as we find them, are: Veldon Turner, a bellboy at the Orlando Hotel, in Decatur, Illinois, was requested by Charles B. Hill, a deputy sheriff, to take him to the rooms of defendants Charles Frederick Hatmaker and

his wife, and that Turner did so; that the latter was acquainted with defendant Hatmaker, knew his voice, and knew that said defendant was in his rooms when he took the deputy sheriff to the door of the rooms; that Turner told the defendant that there was a gentleman outside who wished to talk to him and to please open the door, and that Hatmaker refused to open the door; that the deputy sheriff thereupon stated to the the said defendant, "through the door," that he was from the sheriff's office and had two summonses for them and that if he would not open the door he "would place the summonses under the door and did so, and Mr. Hatmaker said 'All right.' " Defendant admits in his affidavit that two copies of the summonses *in the case in question* were placed under the closed door of his hotel room on said date by a person or persons unknown to him. It is clear from his affidavit that he picked up the summonses, read them, and understood their nature. That he turned the summonses over to his lawyers is evident from the motion to quash service of summons. After plaintiffs filed the two affidavits in support of their answer to the motion to quash the said defendant filed no denial of the statement of the deputy sheriff that defendant stated that he would not open the door, and that the deputy sheriff thereupon stated to the defendant, through the door, that he was from the sheriff's office and that he had two summonses for them and that if he would not open the door he would serve them under the door, and that simultaneously he pushed said summonses under the door, whereupon defendant replied, "All right." Defendants cite no case in support of their argument that under the statute the sheriff must see the person he is serving at the time of the service. They cite the old common law rule that every man's dwelling house is looked upon by the law as his castle, but we are unable to see how that law has any application to the question before us. The statute provides that

service of summons shall be made ''(1) by leaving a copy thereof with the defendant personally.'' We hold that under the particular facts of this case the service complied with the statute. But even if we were to hold that under a strict compliance with the Act the sheriff had to see the defendant when he left the copies of the summonses with him, we would further hold that the defendant acquiesced in the manner of service adopted by the deputy sheriff and in effect expressed his satisfaction with it. A reasonable inference from the facts and circumstances surrounding the service is that while the defendant at first tried to evade service he finally concluded, after the deputy sheriff had shoved the copies of the summonses under the door, to accept the service, and that the motion to quash was the result of an afterthought. If defendants are right in their contention that the sheriff, under the Act, is always obliged to see the party when he serves a copy of the summons upon him, then, in the instant case, even if the defendant had *requested* the deputy sheriff to shove the copies of the summonses under the door such service would not be good under the Act. The courts do not favor those who seek to evade service of summons, and hence the settled rule that ''the stability of judicial proceedings, however, requires that the return of an officer made in the due course of his official duty and under the sanction of his official oath should not be set aside merely upon the uncorroborated testimony of the person on whom the process has been served but only upon clear and satisfactory evidence. *Davis v. Dresback,* 81 Ill. 393; *Kochman v. O'Neill, supra* [202 Ill. 110].'' (*Marnik v. Cusack,* 317 Ill. 362, 364.) The able counsel for the defendant realize, apparently, that the claim of the defendant that the sheriff did not leave a copy of the summons with him personally sounds absurd, in view of the facts surrounding the service, and they seek to justify the defendant's claim by arguing that to sustain the service in the instant

case would open the way to many questionable claims of service.

The judgment order of the Circuit court of Cook county insofar as it applies to defendant Charles Frederick Hatmaker is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

*Judgment order insofar as it applies to defendant Charles Frederick Hatmaker reversed and cause remanded with directions.*

SULLIVAN, P. J., and FRIEND, J., concur.