**ROTH v. W. T. COWAN, Inc. (Gamberdella et al., third party defendants).**

**Civ. No. 10105.**

United States District Court
E. D. New York.

May 18, 1951.

J. Stuart Scharf, New York City, for plaintiff.

Alexander & Ash, New York City (Sidney A. Schwartz, New York City, of counsel), for defendant and third party plaintiff.

Zelby & Bernstein, New York City (Nathan E. Zelby, New York City, of counsel), for third party defendants.

KENNEDY, District Judge.

On or about June 21, 1949, plaintiff Roth sued W. T. Cowan, Incorporated, in the Supreme Court, Kings County, alleging that her husband was killed as a result of an accident which took place in New Jersey on October 22, 1948. Negligence was ascribed to Cowan, because it owned and was alleged to have managed and controlled the motor tractor and trailer which brought about Roth's death, the vehicle being driven by one George Gamberdella. Defendant Cowen removed the cause to this district. On March 30, 1950, Judge Rayfiel signed an order granting the application of Cowan to implead two New Jersey residents, George, the driver, and one Anthony Gamberdella, who it was alleged was the employer of George Gamberdella. According to the third party complaint, Anthony Gamberdella at the time of the accident was operating, managing and controlling the vehicle under a lease from the defendant Cowan. There are two counts in the third party complaint. In the first recovery over is sought against the Gamberdellas because they were "actively" negligent, and in the second count an indemnity agreement executed by Anthony Gamberdella is alleged.

On November 2, 1950 a marshal attached to the Southern District of New York approached a tractor-trailer unit standing outside premises 2469 Second Avenue, Manhattan, New York. According to his affidavit, he saw a person in the vehicle who identified himself as one Healy, an employee of Cowan. The marshal asked Healy whether he was Gamberdella; Healy said he was not, and gave his own name. According to Healy's affidavit, the marshal then asked Anthony Gamberdella, who was standing nearby, whether *he* was Anthony Gamberdella, whereupon the latter denied his identity. The marshal communicated with Cowan's attorneys and then left the third party order and complaint on the seat of the cab.

The third party defendant Anthony Gamberdella now moves to quash the service. He admits that on November 2, 1950, he actually got the third party summons and complaint, and in his affidavit (to support the application to quash) says he found those papers on the seat of his motor vehicle. Although the action has been at issue between the original plaintiff and defendant for over two years, and Judge Rayfiel's order directing the impleader of Gamberdella is more than a year old, and Gamberdella admits that he has been in possession of the third party summons and complaint for over six months, no attempt was made by Gamberdella to challenge the service until the time when the main case was nearly at the head of the trial calendar.

It can be seen that there is no debate or denial over the point that Gamberdella actually received the third party summons and complaint. His claim here is that the marshal did not actually hand it to him. The only real issue of fact presented is whether Gamberdella denied his identity in order to evade service. Healy says he did; Gamberdella says he did not. Upon the return day of the motion, I told Gamberdella's counsel that I wished to have a hearing concerning the service and I ordered that Gamberdella, the marshal and Healy all appear as witnesses on May 7, 1951. On that date Gamberdella's counsel explained that he was unable to produce him but thought he might be able to get him during the ensuing week. I then told Gamberdella's counsel that I would give him until May 11, 1951, to produce his client. On that date Gamberdella again failed to appear and his counsel (who, incidentally, I think was blameless in the matter) was unable to say when the client could appear and be sworn. On both dates (May 7th and May 11th) the witnesses Healy and McKernan (the deputy marshal) were in court.

Counsel for Gamberdella takes the position, apparently, that the question of the attempt on his client's part to evade service is irrelevant, urging that no matter what the truth about this is, no personal service was effected unless his client was touched with the papers. With this I cannot agree.

It was manifestly impossible to effect service on Gamberdella "by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age", Fed.Rules Civ.Proc. rule 4(d) (1), 28 U.S.C.A. Therefore, under the rule referred to, personal service was necessary. Gamberdella, the moving party, chose not

to substantiate his affidavit by testimony, although I myself felt that a hearing in open court would be a far more satisfactory way of resolving the fact issue than mere affidavits. By this procedure Gamberdella made it impossible for the deputy marshal either to identify him, or to admit that he (Gamberdella) was not the person who has denied his identity. Under these circumstances, I have no choice except to find that there was a deliberate evasion on Gamberdella's part of service of process, and that had he told the truth traditional personal service could have been effectuated by touching him with the papers. Gamberdella himself admits that after what must have been a short interval the papers were picked up by him from the seat of his own truck.

 To me this is in all respects analogous to situations where a process server attempts to touch the party to be served with the process, is unable to do so, and drops it on the floor near the person evading service. Even under the strict New York law for personal service, and assuming that the enactment of the Federal Rules of Civil Procedure has foreclosed a more sensible policy for service on nonresidents, cf. F.R.C.P. 4(d)(7), and see Heller v. Levinson, 1st Dept., 1915, 166 App.Div. 673, 152 N.Y.S. 35, citing Hiller v. Burlington & M. Ry. Co., 1877, 70 N.Y. 223, 227, a person who refuses to accept a process is properly served in New York if the summons is put down "at any appropriate place in the presence of the defendant". Correll v. Granget, Sup.Ct.N.Y.C., 1895, 12 Misc. 209, 34 N.Y.S. 25; Anderson v. Abeel, App. Div., 1st Dept., 1904, 96 App.Div. 370, 89 N.Y.S. 254. It is, therefore, my conclusion

that Anthony Gamberdella was personally served with process and is under a duty to answer the third party complaint.[1]

It is my belief that the case should proceed speedily to trial, and that to grant this motion to quash would violate every concept basic in the Federal Rules of Civil Procedure.

I indicated these views verbally to counsel for Gamberdella on May 11, 1951, and told him at that time that I intended to put them in the form of a memorandum. At the same time I gave counsel for Gamberdella ten days (i. e., until May 21, 1951) to file his answer to the third party complaint, and adjourned the trial to May 28, 1951, suggesting to him that any further reasonable adjournment either of the filing of an answer or of the trial would be a matter of consideration if the necessity arose. To this ruling I adhere.

While I regard this decision as on the "merits", and so intend it, it is interlocutory in one respect at least, namely, that only a trial can determine whether Gamberdella is to be held to answer in judgment and whether my order is "final". Should he elect to default either in pleading or at the trial, the consequences will be for the trial judge to determine. My decision means that Gamberdella challenged the process jurisdiction of the court, was put to his proof and defaulted. Now on the only material available I have found as a fact (1) that he attempted to evade service, and (2) that the papers were placed in an appropriate place near his presence—the place where he got them. My conclusion is that the service was good and the motion must be denied.

1. Incidentally, the third party complaint is within the venue jurisdiction of the court only on the theory that it is ancillary to the main action, because while it is true that there is diversity between Roth and Cowan and also between Cowan and Gamberdella, Cowan is a resident of Maryland and Gamberdella is a resident of New Jersey. If the allegations of the third party complaint are true, there is privity of contract between Cowan and Gamberdella because the latter, under his lease, agreed to indemnify the former arising from the operation of the truck and trailer involved in the accident. Under some forms of an-

cillary jurisdiction (e. g., proceedings with respect to privies to a judgment secured in the federal court) there need be no service of process to bring such parties before the court: all that is required is notice. Butler v. Ungerleider, 2 Cir., 1951, 187 F.2d 238. And even prior to the development of the third party practice, it is more than likely that this case would have been appropriate for the old "vouching in" procedure. Certainly by his own admission in his affidavit Gamberdella has had ample notice of the pendency of the litigation, of its nature, and of Cowan's demand that he abide by his contract.