Louis Levine, Plaintiff, *v.* National Transportation Co., Inc., et al., Defendants.

Supreme Court, Queens County, April 20, 1953.

*Jesse Climenko* and *Martin I. Shelton* for Morris Markin, defendant.

*William F. Bleakley* and *Atwood C. Wolf* for plaintiff.

JAMES C. VAN SICLEN, Official Referee. Defendant Markin moved for an order setting aside the service of process on him. The issues of fact thereby raised were referred for hearing and determination.

On November 12, 1952, the process server and the plaintiff, having been unable to serve process upon the moving defendant at his hotel, took up positions across the street from his office. When he appeared on the street plaintiff identified him to the process server who thereupon dashed across the street to serve him, but was unable to reach him before defendant had entered his hired limousine. Defendant immediately locked the door of the car and when the process server reached it, he attempted to open the door but could not. Defendant refused to unlock it.

The process server testified that he identified himself and the nature of the summons and that he displayed the summons by pressing it against the window of the car; that defendant nodded in answer to a question as to his identity and shook his head when asked to open the door; that defendant said " O.K." when the process server told him he was going to leave the summons in the window frame.

Defendant says that his car was already in motion when the process server reached it. He does not deny, however, that the summons was placed in the window frame of the car but claims he thought it was an advertisement. He admits it was still in the window frame when his car reached La Guardia Field.

The court believes the facts to be as stated by the process server. Under such circumstances the service was valid (*Heller v. Levinson,* 166 App. Div. 673).

The motion to vacate the service is denied. Settle order.