FRANK E. JOHNSON, Appellant, v. HILDA DUNBAR, Respondent.— In an action for judgment declaring an easement to property situated without the State, order dismissing the complaint affirmed, with $10 costs and disbursements. Section 536 of the Real Property Law does not govern an action for damages with respect to real property admittedly not owned by the plaintiff but as to which he merely asserts that he has an implied easement of access. To retain jurisdiction of such an action would be tantamount to making an adjudication with respect to title of land without the State. Carswell, Adel, Wenzel and Beldock, JJ., concur; Nolan, P. J., dissents and votes to reverse the order and to deny the motion to dismiss the complaint, with the following memorandum: In my opinion, the third cause of action is one contemplated by section 536 of the Real Property Law and may be entertained even though a question of title is involved.

LOUIS LEVINE, Respondent, v. NATIONAL TRANSPORTATION Co., INC., et al., Defendants, and MORRIS MARKIN, Appellant.— Order denying motion of appellant, appearing specially, to set aside the service of process on him, affirmed, with $10 costs and disbursements. No opinion. Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur. [204 Misc. 202.]

ANNA M. LICHTEN et al., Plaintiffs, v. BROOKLYN UNION GAS COMPANY, Appellant, and IRVING SOKOLOFF, Respondent.— Plaintiff wife, a tenant of defendant Sokoloff, owner of a multiple dwelling, was injured by reason of an alleged explosion of the gas range in the kitchen of her apartment. The complaint alleges joint control and management by defendants of gas pipes, gas lines and gas conduits connecting with the gas range. Plaintiff and her husband seek damages sustained by reason of alleged negligence of the defendants. Defendant Sokoloff served a cross complaint against defendant Brooklyn Union Gas Company demanding that if plaintiffs recover a judgment against him, he recover against the gas company. He alleges that if the plaintiff wife was injured by negligence other than her own, her injuries were brought about and caused solely by reason of the affirmative, active and primary negligence of the gas company in that the company created, maintained and permitted the gas pipes, gas lines and gas conduits to be and remain in a dangerous condition so as to cause a leak or leaks in the gas range. The defendant Brooklyn Union Gas Company appeals from an order denying its motion to dismiss the cross complaint. Order reversed on the law, with $10 costs and disbursements, and motion granted, without costs. The respondent was under a statutory duty to maintain the gas pipes in the multiple dwelling in good repair. (Multiple Dwelling Law, § 78.) A similar duty is imposed by section 277 of the Sanitary Code of the City of New York. The complaint alleges that respondent is a joint tort-feasor. No fact is alleged in the complaint or in the cross complaint which tends to show that the gas company by agreement or conduct undertook to perform for respondent the legal duty which he owed to maintain the pipes and gas range in the dwelling in good repair. Neither is there statement of any fact tending to show that the respondent can be held for any negligent act of the appellant. (*Shass* v. *Abgold Realty Corp.*, 277 App. Div. 346.) Nolan, P. J., Carswell, Adel, MacCrate and Beldock, JJ., concur.