GERTRUDE SCHENKMAN, Plaintiff, *v.* HARRY SCHENKMAN, Defendant.

Supreme Court, Special Term, Kings County, October 28, 1954.

*Gabriel E. Torre* for defendant appearing specially.

*Goldwater & Flynn* for plaintiff.

BRENNER, J. A novel question has been presented upon this traverse. It is whether, after delivery of a process, failure to leave it following defendant's plain deception of the process server amounts to a failure to comply with rule 53 of the Rules of Civil Practice. This rule requires that the process server must make an affidavit that " he left with the defendant a copy of the summons ", etc.

Upon the evidence the court finds it to be a fact that the process server first exhibited and then delivered the summons and complaint in the within matrimonial action to the defendant; that he thereafter accepted its return when told by the defendant that he was not the person intended or named in the papers and that he would himself point out the person so named and really intended. Instead of this, the defendant merely pointed to a room and upon the process server proceeding through the door of such room the defendant disappeared, and the process server was left holding the papers which he had previously served upon the defendant.

Upon these facts there can be no question as to compliance with section 225 of the Civil Practice Act relative to " delivery " of the process which was duly made pursuant to said section. Was there then a failure to comply with rule 53 which requires the process to be " left " with the defendant? The court has been unable to discover authority upon the point. Of course, practically all cases involving deception at time of service relate to the conduct of the process server, and because service is sometimes difficult due to efforts made to avoid it, the courts have often validated service despite such deception (*Gumperz* v. *Hofmann*, 245 App. Div. 622, affd. 271 N. Y. 544. See, also, Requirement that a Summons be Served by " Delivering " a Copy " to the Defendant in Person ", N. Y. L. J., editorial page, Jan. 11–15, 1954).

In the *Gumperz* case (*supra*), the court said, " It may fairly be said that there is a duty upon persons within the jurisdiction to submit to the service of process." (245 App. Div. 624.) Thus it was defendant's duty to accept peaceful service. He not only did not perform his duty, but deceived the process server in an attempt to avoid it after being made aware of the process server's purpose — a disclosure which, after all, is the whole object of the statutes involving service of process. (*Hiller* v. *Burlington & Missouri Riv. R. R. Co.*, 70 N. Y. 223, 227.) Where a person deliberately rejects service and turns away therefrom after being made aware of the attempt to effect such service upon him, there can be no doubt about its validity when the summons is left with him (*Levine* v. *National Transp. Co.*, 204 Misc. 202, affd. 282 App. Div. 720).

It seems to me that rule 53 of the Rules of Civil Practice was intended to add " leaving " to " delivery " in order to insure knowledge of the contents of the process and awareness of legal rights. Where, however, the person sought to be served has both knowledge and awareness, and after acquiring same deliberately sets out to deceive the process server, and by his own conduct prevents the paper being left with him, he is in no position to assert a violation of the rule.

If an act of force will not invalidate service (*Wight* v. *Bennett*, 115 N. Y. 645), certainly deception should not.

The motion to vacate and set aside the service of the summons and complaint is in all respects denied, with leave to the defendant to serve an answer herein within twenty days following service of a copy of an order to be entered hereon, upon payment of $10 costs of this motion. Settle order on notice.