**NEUBURG SALES SERVICE,**
Plaintiff,

v.

**MITCHELL MANUFACTURING COMPANY, Defendant.**

United States District Court,
S. D. New York.

Jan. 4, 1955.

Benjamin, Galton & Robbins, New York City, By: Herman A. Benjamin and Harold M. Foster, New York City, of counsel, for plaintiff.

O'Brien, Driscoll & Raftery, New York City, By: Edward C. Raftery, Paul D. O'Brien, George A. Raftery and John Drew, New York City, of counsel, for defendant.

EDELSTEIN, District Judge.

Defendant, a foreign corporation, removed this action from the Supreme Court of New York County and now moves for an order vacating the service of the summons and complaint, upon three grounds: (1) that the defendant is not doing business in New York; (2) that service was not made upon an officer of the corporation; and (3) that the person upon whom service was made was enticed and entrapped into the jurisdiction. The validity of the service must be determined under New York law because by removal a defendant does not lose his right to challenge the service in the state court. Lambert Run Coal Co. v. Baltimore & Ohio R. Co., 258 U.S. 377, 382, 42 S.Ct. 349, 66 L.Ed. 671.

It appears that Mr. Tracey, the person upon whom service was made, came into the jurisdiction voluntarily, as was his regular and customary policy. The fact that he was induced by an alleged trick to remain in his apartment so that a process server could find him is not a ground for vacating the service, and this situation is clearly distinguishable from one where the defendant is lured into the jurisdiction for the purpose of effecting service upon him. Gumperz v. Hofmann, 245 App.Div. 622, 283 N.Y.S. 823.

Mr. Tracey was not, in fact, an officer of the defendant foreign corporation. Under § 229 of the Civil Practice Act, subdivision 3 provides that personal service upon a foreign corporation may be made upon a managing agent of the corporation within the state if, under subdivision 1, the summons cannot be delivered to certain specified officers within the state or under subdivision 2, to the Secretary of State or some other person designated for the receipt of process. Efforts to comply with subdivisions 1 and 2 must be shown before service may be made upon a managing agent as set forth in subdivision 3. Commissioners of State Insurance Fund v. Singer Sewing Machine Company, 281 App.Div. 867, 119 N.Y.S.2d 802. Inasmuch as there was no one designated in the state for the receipt of process, the requirement in this case was for the plaintiff to make a reasonable effort to serve an officer or director within the state. The person who was served, Mr. Tracey, had previously been a vice-president of the defendant, and although the minute books of the corporation disclose that he no longer held such a title at the time of service, he was nevertheless publicized as a vice-president and his duties seem to have undergone no change which would put plaintiff on notice that he was not an officer. The plaintiff thought he was serving a vice-president, he had good reason to believe Mr. Tracey was a vice-president, and though he failed to effect service upon an officer he at least made such a reasonable effort as to comply with the requirement of the Civil Practice Act. Mr. Tracey's title is actually "Sales Manager in charge of Air Conditioning Division", which is, according to an affidavit submitted on behalf of the defendant, "by far the most important and largest in volume" of the company's three divisions. Mr. Tracey may be fairly described as a managing agent of the defendant, and service upon him, if the defendant was doing business in New York, was sufficient.

However, the various affidavits submitted are conflicting on the facts which must form the basis for the conclusion of whether or not the defendant is doing business in the state. Particularly is there conflict on the facts which would indicate whether or not the plaintiff was "invested with general powers involving judgment and discretion in connection with the defendants' business and the advancement of the defendants' interests." Melvin Pine & Co., Inc. v. McConnell, 273 App.Div. 218, 76 N.Y.S. 2d 279, 283. And the affidavits are further inconclusive on the facts of the defendant's doing business here other than through the agency of the plaintiff. Consequently, it will be necessary to refer the matter to a special master to take testimony and report.

Settle an order accordingly.