Benjamin Brenner, J.
The named defendant appears specially to set aside the alleged service of summons and complaint. There appears to be no need for a reference because upon the facts admitted by the defendant the service is valid.
Defendant admits (1) that he had identified himself to the process server; (2) that he refused to open the door leading to his apartment, and (3) that after the process server dropped the summons and complaint in the vestibule entrance he secured possession of the papers and forwarded them to his lawyer. Thus, there were in this case the necessary elements of “ delivery ” pursuant to section 225 of the Civil Practice Act and ‘‘ leaving ’’ in compliance with rule 53 of the Rules of Civil Practice. (Schenkman v. Schenkman, 206 Misc. 660, affd. 284 App. Div. 1068.)
The closed window of a car separated the process server from the defendant in Levine v. National Transp. Co. (204 Misc. 202, affd. 282 App. Div. 720) where service was declared valid. I see no substantial difference between that case and the case at bar. Here a closed door separated the process server from the defendant. In each case the process server indicated his purpose; in each case the defendant identified himself and declined to accept the process; finally, in each case the process was left with the defendant who had both knowledge and possession thereof. Clearly, the defendant failed to perform the duty imposed upon “ persons within the jurisdiction to submit to the service of process.” (Gumperz v. Hofmann, 245 App. Div. 622, 624, affd. 271 N. Y. 544.)
Motion denied. Settle order on notice.