HELMER O. NIELSEN v. GARMAN BRALAND AND OTHERS.

119 N. W. (2d) 737.

February 1, 1963—No. 38,944.

*Seifert, Johnson & Hand,* for appellant.
*William H. DeParcq,* for respondent.

KNUTSON, CHIEF JUSTICE.

This is an appeal from on order of the trial court denying a motion to dismiss the above action against defendant Garman Braland.

The following facts are taken from the complaint and the affidavits submitted in support of and in opposition to the motion. Plaintiff is a resident of Minnesota. Defendant Garman Braland is a resident of Iowa. The action is based upon a collision between an automobile owned by Garman Braland and driven by his wife, defendant Beth F. Braland, and an automobile owned and driven by plaintiff. The collision occurred in the State of Iowa.

Defendant Garman Braland is employed by Interstate Power Company in its maintenance department. The village of Emmons is located partly in the State of Iowa and partly in the State of Minnesota. Part of Braland's duties consist of reading meters in the village of Emmons, both in the State of Iowa and in the State of Minnesota. On October 18, 1962, Braland was in the village of Emmons reading meters. He stopped for lunch in the side of the village located within the State of Minnesota, and, while there, a summons in this action was handed to him. The process server touched him with the summons and then laid it on the fender of an automobile near by. Braland refused to pick it up.

The motion is based on the claim that Braland being a resident of the State of Iowa, and the collision upon which the action rests having occurred in the State of Iowa, he was not amenable to service in the State of Minnesota and that no service actually was made upon him. He relies upon International Shoe Co. v. Washington, 326 U. S. 310, 66 S. Ct. 154, 90 L. ed. 95, 161 A. L. R. 1057, and our cases of Beck v. Spindler, 256 Minn. 543, 99 N. W. (2d) 670; Atkins v. Jones & Laughlin Steel Corp. 258 Minn. 571, 104 N. W. (2d) 888;

Nerlund v. Schiavone, 250 Minn. 160, 84 N. W. (2d) 61; and the "single-act" statutes, Minn. St. 303.13, subd. 1(3), and 170.55, as construed in The Dahlberg Co. v. Western Hearing Aid Center, 259 Minn. 330, 107 N. W. (2d) 381.

1. The above cases are not in point. This case involves service on an individual defendant within the State of Minnesota of a summons in a transitory cause of action. The cases relied upon by defendant involve the amenability of a foreign defendant to jurisdiction in personam by substituted service. In the leading case of International Shoe Co. v. Washington, 326 U. S. 310, 316, 66 S. Ct. 154, 158, 90 L. ed. 95, 101, 161 A. L. R. 1057, 1061, the United States Supreme Court said:

"Historically the jurisdiction of courts to render judgment in personam is grounded on their de facto power over the defendant's person. Hence his presence within the territorial jurisdiction of a court was prerequisite to its rendition of a judgment personally binding him. Pennoyer v. Neff, 95 U. S. 714, 733. But now that the capias ad respondendum has given way to personal service of summons or other form of notice, due process requires only that in order to subject a defendant to a judgment in personam, *if he be not present within the territory of the forum,* he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " (Italics supplied.)

In Pennoyer v. Neff, 95 U. S. 714, 733, 24 L. ed. 565, 572, the United States Supreme Court said:

"* * * To give such proceedings any validity, there must be a tribunal competent by its constitution—that is, by the law of its creation—to pass upon the subject-matter of the suit; and, if that involves merely a determination of the personal liability of the defendant, he must be brought within its jurisdiction by service of process within the State, or his voluntary appearance."

Where the defendant is present within the state, except when exempt from service,[1] and is personally served, the court acquires juris-

---

[1]See, 15 Dunnell, Dig. (3 ed.) § 7809.

diction in personam regardless of the fact that he is a nonresident.

2. This leaves for determination only the question whether defendant Braland was adequately served. Where the defendant is found within the State of Minnesota and actually served here, the length of time during which he is present in the state is inconsequential. Rule 4.03, Rules of Civil Procedure, provides:

"Service of summons within the state shall be made as follows:

"(a) Upon an individual by delivering a copy to him personally * * *."

The only question involved here is whether a copy of the summons was delivered to Braland. We have not had occasion to consider the question whether service is made when the defendant refuses to accept it, but it is generally held that if the process server and the defendant are within speaking distance of each other, and such action is taken as to convince a reasonable person that personal service is being attempted, service cannot be avoided by physically refusing to accept the summons.[2]

Here, defendant and the process server were in close proximity to each other. Defendant was touched with the summons, and it was laid in a place where it was easily accessible to him. His refusal to pick it up or to accept it did not prevent the service from being completed. We think, under the circumstances, that it must be held that defendant was adequately served.

3. Inasmuch as there is no merit to the position taken by defendant, it must be held that the appeal here is frivolous. We have frequently held that frivolous appeals will be dismissed.[3] It follows that the appeal should be and is hereby dismissed.

---

[2]See, Kurtz v. Oremland, 29 N. J. Super. 585, 103 A. (2d) 53; Schenkman v. Schenkman, 206 Misc. 660, 136 N. Y. S. (2d) 405; Roth v. W. T. Cowan, Inc. (E. D. N. Y.) 97 F. Supp. 675; Hatmaker v. Hatmaker, 337 Ill. App. 175, 85 N. E. (2d) 345.

[3]Thompson v. Chicago & N. W. Ry. Co. 178 Minn. 232, 226 N. W. 700; Minneapolis Holding Co. v. Matchan, 174 Minn. 401, 219 N. W. 457; Crow v. Erie R. Co. 153 Minn. 553, 190 N. W. 339; Callaghan v. Union Pac. R. Co. 148 Minn. 482, 182 N. W. 1004.

We express no opinion as to whether the two causes of action were properly joined. We hold only that the court acquired jurisdiction in personam over defendant Braland by virtue of personal service upon him within the State of Minnesota.

Appeal dismissed.