### 47872. HICKEY v. MERRIT.

PANNELL, Judge. This is an appeal from the State Court of DeKalb County on certification, from denial of a motion by a tenant (Hickey) to dismiss an action brought by a landlord (Merrit) for back rent and sanitary taxes on certain rental property in the amount of $1,080. The motion alleged that the mode of service did not comply with the Civil Practice Act. The only issue on this appeal is whether the appellant was properly served and therefore subject to the lower court's jurisdiction.

Appellee filed the suit June 6, 1972. Service was made on appellant by a deputy marshal whose return of service read, "I have this day served the defendant Clarence and Norma Hickey personally with a copy of the within action and summons. This *12 June, 1972. . . .*" The marshal wrote above the return of service, "Seen from window, talked to through door, refused to open." The summons defendant alleges was left with him reads "Delivered same into hands of door *refused to answer . . .*"

The Civil Practice Act (Ga. L. 1966, pp. 609, 610; 1967, pp. 226, 227, 228, 249; 1968, p. 1036; 1968, pp. 1104, 1105;

1969, p. 487; 1972, pp. 689, 692; Code Ann. § 81A-104 (d)(7))requires service to be made in such cases "to the defendant personally, or by leaving copies thereof at his dwellinghouse or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process." That Act (Code Ann. § 81A-104 (g))requires proof of service: "(g) *Return.*— The person serving the process shall make proof of service thereof to the court promptly and in any event within the time during which the person served must respond to the process. Proof of service shall be as follows: (1) If served by a sheriff or marshal, or his deputy, the affidavit or certificate of such sheriff, marshal, or deputy, or . . . (4) . . . In case of service otherwise than by publication, the certificate or affidavit shall state the date, place and manner of service. Failure to make proof of service shall not affect the validity of the service."

In the instant case, the return states the date of service to be June 12, 1972, the place of service to be in DeKalb County, Georgia, and the manner of service to be personal. Compliance with the statute is indicated by the return. The added notation indicating he saw the defendants from a window, and talked to them through the door, even though they refused to open the door, merely explains in greater detail how he perfected the personal service on Clarence (appellant herein) and Norma Hickey.

Even if we assume, and there is no proof in the record, that appellant's copy was left at his door at the same time service was effected for which the return was made there is no inconsistency. If defendants would not open the door the process server had no alternative to leaving a copy at the door so defendants could pick it up when he departed. Leaving it at the door is

consistent with the notation on that return "Seen from window, talked to through door, refused to open."

The critical question is the fact of service and not the nature of the return. The return shows personal service and appellant has presented no evidence to disprove that service. Only one type of service is indicated in the return to the court, viz., personal service. The defendant is apprised by the return of what he must contest. *Southeastern Fidelity Ins. Co. v. Heard,* 123 Ga. App. 635, 637 (182 SE2d 153).

Appellant offered no evidence, other than the copy of the summons he alleges was left with him reading "Delivered same into hands of door *refused to answer* . . ."

"A return of service entered upon a declaration is not conclusive as to the facts therein recited. It may be traversed and impeached by proof that it is untrue. It is of itself, however, evidence of a high order, and can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit." *Denham v. Jones,* 96 Ga. 130, 132 (23 SE2d 78). The entry of service of the sheriff or his deputy imports verity. *Williams v. Atlanta Nat. Bank,* 31 Ga. App. 212, 219 (120 SE 658); *Burger v. Dobbs,* 87 Ga. App. 88, 92 (73 SE2d 75 ); *Rupee v. Mobile Home Brokers, Inc.,* 124 Ga. App. 86, 88 (183 SE2d 34).

The trial court did not err in overruling the motion to dismiss.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

ARGUED FEBRUARY 13, 1973 — DECIDED APRIL 11, 1973.

*Nancy McCormick,* for appellant.

EBERHARDT, Presiding Judge, concurring. I am in agreement that there was no error in the overruling of the defendant's motion to dismiss on the ground that he

had not been lawfully and personally served as required by § 4 (d) (7) of the Civil Practice Act (Code Ann. § 81A-104 (d) (7)).

The return of service by the deputy marshal recites that "I have this day served the defendant Clarence & Norma Hickey personally with a copy of the within action and summons." Above the entry in the handwriting of the deputy is the notation: "saw from window. Talked through door; refused to open." This is sufficient to raise an inference that the defendant deliberately and intentionally evaded the delivery into his hands of the copy of the petition and summons by the deputy.

We find no precedent in this state that is on "all fours," but *Woodley v. Jordan,* 112 Ga. 151 (37 SE 178) strongly indicates what our ruling should be. In that case "it appeared that a father, his daughter, and another were sued, and that the constable found the father and daughter in the field and informed them that he had come to serve them with process, and the father requested him to go to the house; and upon arriving at the house, the father requested the constable to hand the papers to a person there present, to be read, and the papers were then read in the presence of all the defendants and, with their acquiescence, placed in a drawer: *Held,* that this amounted to personal service upon each one and all of the defendants."

Of course the facts here are somewhat different in that the evasion of service here is more pronounced and in greater degree. "[I]t is generally held that if the process server and the defendant are within speaking distance of each other, and such action is taken as to convince a reasonable person that personal service is being attempted, service cannot be avoided by physically refusing to accept the summons." Nielsen v. Braland, 264 Minn. 481, 484 (119 NW2d 737). To the same effect is Kurtz v. Oremland, 29 N. J. Super. 585 (103 A2d 53).

In Hatmaker v. Hatmaker, 337 Ill. App. 175 (85 NE2d 345, the defendant was in a hotel room, and the officer asked the bellboy to show him to the room, which was done. The door was locked. The bellboy knocked on the door and defendant answered. He was asked to open the door and informed that a man wished to see him. He refused to open the door, and the officer then informed the defendant that he was a deputy sheriff, that he had a copy of a suit and process to serve upon the defendant and requested that he open the door so that it could be done. Again, the defendant refused to open the door, and the deputy informed him that the copy of suit and process was being pushed under the door—which was done. Both the bellboy and the deputy knew the defendant and recognized his voice. The suit was one upon which the law required personal service before a judgment could be obtained, and the court held that what was done was the equivalent of personal service, which the defendant had no right to evade.

It is the duty of a defendant to accept and submit to the service of process when he is aware of the process server's purpose. Gumperz v. Hofmann, 245 App. Div. 622, 624 (283 NYS 823), affirmed in 271 N. Y. 544 (2 NE2d 687). To same effect is Hiller v. Burlington & Missouri River R. Co., 70 N. Y. 223, 227.

Where one deliberately rejects service and turns away therefrom after being made aware of the attempt to effect service on him there can be no doubt about its validity when the summons is left in his presence. Levine v. National Transp. Co., 204 Misc. 202 (125 NYS2d 679), affirmed in 282 App. Div. 720 (122 NYS2d 901). A person who refuses to accept a process is properly served if he is informed of the nature of the paper and the summons is put down at an appropriate place in the presence of the defendant. Correll v. Granget, 12 Misc. 209 (34 NYS 25). Cf. Anderson v. Abeel, 96 App. Div. 370 (89 NYS 254) and

see Schenkman v. Schenkman, 206 Misc. 660 (136 NYS2d 405). The corresponding Federal Rule as to personal service is substantially the same, and in Roth v. W. T. Cowan, Inc., 97 FSupp. 675 (2), where there was an evasion of service, the same conclusion was reached. When one "by his own conduct prevents the paper being left with him, he is in no position to assert a violation of the rule" prescribing the service of process. Schenkman v. Schenkman, 206 Misc. 660, supra.

There was another return of service by the deputy marshal here: "I have this day served the defendant Clarence Hickey by leaving a copy of the action and summons at his most notorious place of abode in this county. Delivered same into the hands of—door refused to answer." We do not deem it necessary to consider this entry since we have already concluded that the defendant's apparent evasive action resulted in personal service against him. Further, we do not believe that by one act, or by the same act, an officer can effect both personal service and abode service, for the two are completely different in the requirements under the statute and in some instances even have different resulting effect as to the type of judgment that may be entered.

The service has been properly attacked under § 12 (b) of the Civil Practice Act (Code Ann. § 81A-112 (b)). Evidence in support of and in opposition to the motion may be received so that the court may make a determination of whether the defendant was, or should have been, aware of the effort to serve him with the copy of the action and summons, and thus whether his conduct in refusing to go to the door when called by the deputy was such that he is estopped to deny the perfection of personal service.

But since the defendant relied solely upon the entry made by the deputy, urging that it shows a failure of

service on its face, we must conclude that overruling of the motion to dismiss was proper.