■ 206 E. 63RD ST. CORP., Appellant, v LORIN E. PRICE, Respondent.—

In an action to recover payment of a loan, plaintiff appeals from an order of the Supreme Court, Westchester County, entered February 22, 1979, which, *inter alia,* granted defendant's motion to vacate a default judgment and ordered that the summons with notice be deemed served personally on the defendant on February 13, 1979. Order modified by striking from the third decretal paragraph thereof the date "February 13, 1979" and substituting therefor the date "April 25, 1978". As so modified, order affirmed, with $50 costs and disbursements to appellant. The order of substituted service dated March 31, 1978 required that service be made "by personally serving a person of suitable age and discretion at the Defendant's place of business". On April 25, 1978 the process server knocked on the frosted glass door of defendant's office and a man inside asked what he had. The server stated he had some legal documents for the defendant. The door opened approximately six inches whereupon the man saw that the process server had a summons; he immediately closed the door. Thereupon the process server inserted the summons with notice in the mail chute and observed the individual behind the frosted glass door remove and take the papers. This act on the part of the person occupying defendant's place of business, together with the mailing as directed, constituted sufficient service to comply with the order (cf. *Chernick v Rodriquez,* 2 Misc 2d 891). Hopkins, J. P., Lazer, Gibbons and Rabin, JJ., concur.