Harold J. Crawford, J.
This is a motion by the plaintiff to dismiss the affirmative defense of the defendant Torres. The Motor Vehicle Accident Indemnification Corporation has appeared in this action on behalf of Torres and has interposed, as a defense, that the court does not have jurisdiction in that at the time of the alleged service Torres did not reside at the place where he was allegedly served by substituted service.
This action arose out of an automobile accident which occurred in this State. Torres was the owner and operator of one of the vehicles. His vehicle bore Florida registration plates and he gave an address in Miami, Florida, as his residence when questioned by the police officers who appeared at the scene of the accident. Plaintiff first attempted service on Torres pursuant to section 253 of the Vehicle and Traffic Law by delivering a copy of the summons and complaint to the Secretary of State and mailing, by registered mail, another copy to Torres at the Florida address he had given as his place of residence. The mail was returned with a notation on the envelope — “ Moved — Left No Address ”. Thereafter the Deputy Sheriff of Dade County, Florida, attempted to serve the summons and complaint by personally delivering a copy thereof to Torres in Florida at the same address. He called on three occasions and could not deliver the summons and complaint with due diligence. He then served the summons and complaint on Torres by mailing a copy to him at that address, which was Torres’ last known residence, and fixing a copy to the door of the same premises.
The plaintiff contends that this latter service is in accordance with CPLR 308 (subd. [3]) and CPLR 313. The Motor Vehicle Accident Indemnification Corporation contends that the service was insufficient to acquire jurisdiction, since the plaintiff knew prior to the time service was made that Torres had moved from that address, and cites as authority the case of Polansky v. Paugh (23 A D 2d 643 [1st Dept.]). While the broad language of that case would seem to apply to the instant case, it appears to be distinguishable on the facts. In Polansky there was an affidavit showing that the defendant was not available because he had left the address at which service was made “ some time ago ”, whereas in the instant case the only evidence is an unsigned post-office notation that Torres had moved and left no address.
*414 In any event, there is a more recent Second Department case which would appear to control. (Dobkin v. Chapman, 25 A D 2d 745.) In that case the plaintiff obtained an ex parte order pursuant to CPLR 308 (subd. [4]) from the Civil Court of the City of New York which directed that service be made on Pennsylvania defendants by ordinary mail at the address furnished at the time of the accident. The court held that such service was in accordance with the due process requirement of the Federal and State Constitutions, even though the plaintiff had previously received information from the Sheriff of Beaver County, Pennsylvania, that the defendants had not lived at one of the addresses furnished for more than four years. That case was similar to the instant ease in that the defendants were uninsured and jurisdiction could not be obtained by attaching an insurance policy in this State.
If service by ordinary mail at the last-known address of the defendant satisfies due process under the circumstances of the Dobhin case (supra), then it would appear that service pursuant to CPLR 308 (subd. [3]) would also satisfy the requirements of due process. The motion is granted.