Mario Pittoni, J.
This is a motion by plaintiffs to sever the action against defendant John Amore, for a default judgment and for an assessment of damages against defendant Amore, pursuant to CPLR 3215.
Plaintiffs contend that they served the summons and complaint upon defendant John Amore (hereinafter called “Amore”) pursuant to CPLR 308 (subd. 4); that Amore failed to answer the complaint; that he is now in default and that plaintiffs are, therefore, entitled to a default judgment against Amore.
Defendant Amore contends that the alleged service upon him was fatally defective in that plaintiffs did not comply with the provisions of the statute governing service (CPLR 308, subd. 4) and that this court has no jurisdiction to render a judgment against him.
In this action for personal injuries, plaintiff Evelyn Cohen, a passenger in a taxi cab, was allegedly injured on November 21, 1968, as a result of a collision between the taxi and a truck driven by defendant Amore. At the time of the accident Amore notified plaintiffs that he resided at 41-13 8th Avenue, Brooklyn, New York. Service was made upon Amore on July 17, 1971, after failure to make service pursuant to CPLR 308 (subds. 1, 2) by mailing and affixing the summons and complaint to 41-13 8th Avenue, Brooklyn, New York.
Defendant Amore claims that for more than five years last past he has lived at 1797 Shore Parkway, Brooklyn, New York, and that service by affixing the summons to the door of premises 41-13 8th Avenue, Brooklyn, New York (his former residence) was defective because such former residence was not his actual place of business, dwelling house or usual place of abode, as required by the statute (CPLR 308, subd. 4).
According to the statute (CPLR 308, subd. 4), personal service may be made upon a person “ where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of *731 business, dwelling place or usual place of abode within the state * * * and by mailing the summons to such person at his last known residence ” (italics supplied).
At the time of the accident Amore, in exchanging licenses and information with plaintiffs, gave his address as 41-13 8th Avenue, Brooklyn, New York; he never filed a motor vehicle accident report (MV 104) as required by section 605 of the Vehicle and Traffic Law, and he never filed a change of address with the Commissioner of Motor Vehicles, in compliance with section 501 (subd. 1, par. g) of the Vehicle and Traffic Law.
While service under CPLB, 308 (subd. 4) requires that the summons be affixed to the actual place of business, dwelling house or usual place of abode of the person served (Polansky v. Paugh, 23 A D 2d 643), under the circumstances of this case I find that defendant Amore, by voluntarily giving an incorrect address to plaintiffs at the time of the accident, by failing to file a motor vehicle accident report (MV 104), as required by section 605 of the Vehicle and Traffic Law, and by failing to notify the Commissioner of Motor Vehicles of his change of address, as required by section 501 (subd. 1, par. g) of the Vehicle and Traffic Law, is estopped from asserting plaintiffs’ noncompliance with the statute (CPLB 308, subd. 4). Defendant Amore may not benefit from his own misrepresentation and fraud.
Defendant Amore is in default and plaintiffs, therefore are entitled to judgment and an assessment of damages. In the interest of justice, however, Amore is given an opportunity to open his default and answer the complaint, provided he moves for such relief within 20 days from the date of the service of a copy of this order upon his attorney, and to that extent this motion is denied.
However, if the motion is not made within the time period set forth, this motion is granted to the extent that the action against defendant Amore is severed. Judgment is granted in favor of plaintiffs and upon filing a note of issue, a copy of this order and an affidavit, showing defendant Amore’s continued default, upon the calendar clerk of this court, this case shall be set down for an assessment of damages at Trial Term, Part I, for the first available date.