Beatrice Shainswit, J.
The ingenuity of man is a never-ending miracle. When put to proper uses, it can split the atom and make travel to the stars a commonplace. And when diverted to such mundane objects as evading the jurisdiction of a court, it can manufacture the disappearing body like that involved here. Although the court’s breath is almost taken away by the roguish charm of defendant’s conduct, the court can still manage to speak a few words in the interest of justice.
To turn to the melodrama: This is an action for $3,644, allegedly lent to defendant by plaintiff for buying into a business to be jointly owned by defendant and plaintiff; defendant assertedly has neither bought the business nor returned the money. Defendant moves to dismiss the complaint for lack of jurisdiction over his person; he contends that service at his former Manhattan residence was defective, and that he is now a resident of Tennessee.
Plaintiff’s facts can be taken as given, since there is no reply affidavit by defendant. Briefly, plaintiff’s counsel, Daniel Martin, had been in touch with both plaintiff and defendant in the process of preparing the complaint. When it was ready, he telephoned defendant — with whom he was apparently by then on a friendly, personal basis — and asked if he would be home for the next few minutes, in order to serve the complaint (plaintiff’s counsel’s office was quite nearby). It was then 5:00 p.m. on Friday, July 28, 1972. Defendant said he was going out, but would be available on Monday night, July 31, at 5:00 p.m. Plaintiff’s counsel arrived at the appointed time, and was handed an envelope, by the superintendent, containing the keys to defendant’s apartment, together with the following remarkable letter, ''addressed to him by defendant:
“ 7/27/72
‘ Dear Dan
‘ ‘ Sorry to have you make this trip for naught but you can well understand that I didn’t want to have to defend myself against *952 Rodgers groundless lawsuit here in New York when I was moving out of the State over the weekend so it was necessary for me not to have service of summons here. I am leaving no assets here in New York anyway and am currently without income having lost the Love Cosmetics account. However if you still wish to sue me where I am going, I will be happy to defend the action there. (Tennessee). Again, sorry for the inconvenience of having you come here but I wanted you personally to know I had left and am enclosing keys to apt 10B so you can go up and verify my departure, and thus not swear service had been made. Again
“ Thanks
“ Jack Van Zandt ”
Plaintiff’s counsel then went with the superintendent to the apartment, found that it had indeed been vacated ■ — • obviously hurriedly and very recently, since it was full of debris, and had not been cleaned. Even the doorman was not aware defendant had moved; he had advised plaintiff’s counsel that defendant was not yet home from the office, just before the superintendent appeared with the letter.
Plaintiff’s counsel then served the superintendent, and later mailed a copy of the summons and complaint to defendant at this same, last known, address, 136 East 76th Street. It clearly reached defendant, since a copy is annexed to defendant’s moving papers.
It cannot be denied that the gambit was a clever one. Defendant’s letter is written with refreshing candor, and bespeaks the care with which he had obtained legal guidance. It revels in the trickery that had been practiced on plaintiff’s counsel.
But justice proves equal to the challenge. A litigant cannot profit from his own deception, at least not while this court sits. If ever a case called for the invocation of full judicial power, to deter and discourage a litigant from thumbing his nose at the law and the courts, it is this one. That judicial power exists, and I hereby invoke it.
The courts have repeatedly held that where service is made impossible by defendant’s own deception or misrepresentation, he is estopped from challenging that service. For example, in automobile accident cases, where a driver deliberately gives a false address to the other driver or the police, he waives all rights to assert noncompliance with the provisions for service of process in either the CPLR or the Vehicle and Traffic Law; and this is true for both residents and nonresidents. (See Greenwood v. White, 25 A D 2d 73 [3d Dept., 1966]; Cohen v. *953 Arista Truck Renting Corp., 70 Misc 2d 729 [Sup. Ct., Nassau County, 1972]; Brown v. Green Bus Lines, 51 Misc 2d 412 [Sup. Ct., Queens County, 1966]; 21 N. Y. Jur., Estoppel, Ratification and Waiver, §§ 88, 92,100; 92 C. J. S., Waiver, p. 1061.)
But we can come even closer, for others have sought deliberately to trick the process server himself, and have been blocked by the courts. In Schenkman v. Schenkman (206 Misc. 660 [Sup. Ct., Kings County, 1954], affd. 284 App. Div. 1068 [2d Dept., 1954]), the process server, in a matrimonial action, handed the summons to defendant. Defendant — with resourcefulness that would have done credit to our instant defendant — told the process server that he was not the person named in tbe summons, but that he would point out the right person. He thereupon handed the summons back, pointed the hapless process server to an adjacent door, and of course promptly disappeared. Brenner, J., in a lengthy opinion, upheld by the Appellate Division without even the need for an opinion, held that the summons had been ‘ ‘ left ’ ’ with defendant, within the meaning of the then controlling Rules of'Civil Practice. He said (supra, p. 662): 11 it was defendant’s duty to accept peaceful service. He not only did not perform his duty, but deceived the process server in an attempt to avoid it after being made aware of the process server’s purpose — a disclosure which, after all, is the whole object of the statutes involving service of process. (Hiller v. Burlington & Missouri Riv. R. R. Co., 70 N. Y. 223, 227.) Where a person deliberately rejects service and turns away therefrom after being made aware of the attempt to effect such service upon him, there can be no doubt about its validity when the summons is left with him (Levine v. National Transp. Co., 204 Misc. 202, affd. 282 App. Div. 720).
“ [The statute was intended] to insure knowledge of the contents of the process and awareness of legal rights. Where, however, the person sought to be served has both knowledge and awareness, and aftér acquiring same deliberately sets out to deceive the process server, and by his own conduct prevents the paper being left with him, he is in no position to assert a violation of the rule.
“ If an act of force will not invalidate service (Wight v. Bennett, 115 N. Y. 645), certainly deception should not.”
Other Judges have repeatedly emphasized that “ Evasion and willful refusal of a witness to accept the lawful process of a court * * * cannot be countenanced without encouraging resistance to such process and disrespect for law.” (Matter of Barbara, 14 Misc 2d 223, 228 [Sup. Ct., Tioga County, 1958]; *954 Levine v. National Transp. Co., 204 Misc. 202 [Sup. Ct., Queens County, 1953], affd. 282 App. Div. 720 [2d Dept., 1953].) Evasion by a party, who — as here — not only knows what the process server seeks, but knows about the intended lawsuit, is even less to be countenanced. As was said in Matter of Barbara (supra, p. 226): “ ‘ The object of all service of process is said to be to give notice to the party on whom service is made, that he may be aware of and may resist what is sought of him, and it is a general rule that any service must be deemed sufficient which renders it reasonably probable that the party proceeded against will be apprised of what is going on against him, and have an opportunity to defend. (In re Empire City Bank, 18 N. Y. 200; Happy v. Mosher, 48 N. Y. 313 * * *.) ’ ”
Defendant in the ease at bar deliberately prevented plaintiff’s counsel from serving him at the time of the Friday telephone call. He played upon the atmosphere of civilized courtesy that had obviously existed amongst the parties and counsel, to lull plaintiff’s counsel into a three-day delay that was meant to be fatal. It should be noted that the affidavit seeking dismissal of the complaint is by defendant’s counsel — not defendant — and carefully avoids giving defendant’s alleged Tennessee address. In every way, therefore, defendant had obviously sought to create the perfect legal trap.
As far as this court is concerned, he has failed. To put the matter beyond any cavil or quibble, I am exercising my prerogatives and power under CPLB 308 (subd. 5), as spelled out by Chief Judge Fuld in Dobkin v. Chapman (21 N Y 2d 490 [1968]), for any situation where defective service is caused, not by plaintiff’s lack of diligence, but by defendant’s own conduct. I have found that the service here is proper and valid. But to avoid further bedevilment, with prolongation of any issue of service, I hereby direct that a copy of the summons and complaint be served, together with a copy of this order with notice of entry, on defendant’s attorneys, Cohn, Grlickstein, Lurie & Ostrin; that such service shall be deemed nunc pro tunc valid service from the date of initial service; and that defendant shall have 10 days, from the date of service on Said attorneys, in which to answer or move.
Accordingly, the motion is denied.