■ MICHELE FEINSTEIN et al., as Administrators of the Estate of MARTIN H. WILENSKY, Deceased, et al., Respondents, v DAVID C. BERGNER, Appellant.

—In an action to recover damages for wrongful death and conscious pain and suffering, etc., defendant appeals from an order of the Supreme Court, Kings County, dated May 31, 1977, which, *inter alia,* denied his motion to dismiss the complaint for lack of personal jurisdiction. Order reversed, on the law, with $50 costs and disbursements, motion granted and complaint dismissed. The accident which is the basis of this action occurred on April 2, 1972. Defendant correctly gave his address at the scene of the accident as 76 Aster Court, Brooklyn, New York. In February, 1973 defendant moved to 2729 West 33rd Street, Brooklyn. He promptly obtained a telephone and had the number listed in the Brooklyn telephone directory. When defendant reregistered his car in May, 1973 he informed the Department of Motor Vehicles of his changed address. The plaintiffs' process server attempted to make service upon defendant in August, 1974, more than two years after the date of the accident. The process server went to 76 Aster Court on three separate occasions, but found no one there. He finally affixed a copy of the summons and complaint to the door of 76 Aster Court and mailed a copy of those papers to the same address. Defendant's father received the summons and complaint and forwarded them to defendant's then current address. Upon receipt of process, defendant moved to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 8) for lack of personal jurisdiction. Under the circumstances, the motion to dismiss should have been granted. Assuming that plaintiffs exercised due diligence in attempting to make service under CPLR 308 (subds 1, 2), they did not comply with the requirement of CPLR 308 (subd 4) that the summons be affixed to the door of the actual place of business, dwelling place or usual place of abode. While the summons may be mailed to defendant's last known residence, only the actual dwelling place is sufficient for "mailing" purposes. Moreover defendant is not estopped from raising plaintiffs' noncompliance with CPLR 308 (subd 4) since there was no fraud or misrepresentation on his part in giving the Aster Court address or in his subsequent move to 2729 West 33rd Street (cf. *Cohen v Arista Truck Renting Corp.,* 70 Misc 2d 729). Damiani, J. P., Titone, Suozzi and Rabin, JJ., concur.