HELLER v. LEVINSON.   (No. 6927.)

(Supreme Court, Appellate Division, First Department.   March 12, 1915.)

PROCESS ⬅64—SERVICE OF SUMMONS AND CONVICTION—SUFFICIENCY.

A service upon defendant, by one who knew him and informed him that he had a paper for him, and who, when defendant started to walk away, put the paper in his outside pocket, and said it was all right, to which defendant replied that it was all right, was sufficient, as it rendered it

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

reasonably probable that it apprised defendant of the action against him and gave him an opportunity to defend.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 55, 56, 76–82; Dec. Dig. ☞64.]

Appeal from Special Term, New York County.

Action by Hyman Heller, doing business in the firm name of Hyman Heller & Co., against Sam Levinson. From an order confirming the report of a referee, plaintiff appeals. Order reversed, and judgment reinstated, with leave to defendant to apply to open his default.

Argued before CLARKE, LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Benjamin Frindel, of New York City, for appellant.

L. B. Boudin, of New York City, for respondent.

HOTCHKISS, J. A judgment having been taken by default herein, the defendant moved to set aside said judgment and open his default upon the ground that the summons and complaint had never been served upon him. The court appointed a referee to take testimony and report his conclusions. From the order confirming said report this appeal is taken.

The alleged service was made by a person who testified that he knew the defendant, and that the circumstances of the service were as follows:

"I says, 'How are you Mr. Levinson?' and he says, 'All right;' and I says, 'I got a little paper for you;' and he said, 'I don't want it;' and he started to walk away, * * * and as he did so I pushed it in his outside pocket, and I says, 'It is all right?' and he said, 'It's all right.'"

The referee held that service, if made as described, was ineffectual, because the nature of the papers was not disclosed to defendant, nor was he in any way informed that service of process was intended, or that the paper had in fact been put into his pocket. This view was adopted by the court below. I think this was error. As was said by Judge Earl, in Hiller v. B. & M. Ry. Co., 70 N. Y. 223, 227:

"The object of all service of process is to be to give notice to the party on whom service is made, that he may be aware of and resist what is sought of him, and it is a general rule that any service must be deemed sufficient which renders it reasonably probable that the party proceeded against will be apprised of what is going on against him, and have an opportunity to defend."

This common-sense rule has been adopted in a number of cases, and wherever service by means other than personal delivery has been held ineffectual, it has been because the circumstances were such as to show that the defendant did not come into actual possession of the papers, and that his attention was not drawn to their character, or that he had not willfully ignored them and refused to ascertain their nature for the purpose of evading service. In the present case, if the papers were placed in the defendant's pocket, and particularly if such a conversation with reference to them took place as testified to, the service was as effectual as if the papers had been handed to and

retained by defendant and their nature fully explained to him. It is not to be presumed that, after the papers had been placed in his pocket and that fact acknowledged by him, he subsequently failed to ascertain their contents. The defendant claimed that no service whatever had been made, and attempted to prove an alibi; but I think the preponderance of proof shows that service was in fact made.

The order appealed from should be reversed, and the judgment reinstated, with $10 costs and disbursements of this appeal, together with $10 costs on the motion below to vacate the judgment, and such sums as the plaintiff was obliged to pay as part of the expenses of the reference, with leave to defendant to apply at Special Term to open his default and answer, on showing merits and on payment of all costs awarded by this order. All concur.