In the Matter of Hubert Bendheim, an Incompetent.

Supreme Court, Special Term, Orange County, July 12, 1946.

*M. Thomas Donohue* for committee.

*Elmer H. Lemon,* special guardian for incompetent.

*Nathaniel L. Goldstein, Attorney-General (Frank H. Cronk-hite* of counsel), for Department of Mental Hygiene.

SNEED, J. Upon return of motion for settlement of first intermediate account of committee of incompetent appointed in 1923, two preliminary questions were raised: (1) Is the committee, in this proceeding, entitled to examine into the computation of costs of care and treatment of the incompetent in the State institution, as determined by the Commissioner of Mental Hygiene, for the period covered by bill rendered therefor in the amount of $867, due as of December 31, 1945, and for the amount since due at the rate so established for that period?

By section 24-a of the Mental Hygiene Law it was provided the cost of care and maintenance of a patient shall be determined by the commissioner by a computation of the total costs to the State divided by the average daily patient population for the year of all patients in all State institutions under the jurisdiction of his department

That computation and the rate so fixed by the commissioner may not be collaterally questioned in this proceeding to settle the committee's accounts. To permit such review in an accounting proceeding would involve our courts in a burden of trials and hearings as each objecting committee found, or thought he would find, some error in the department's computation for the year involved. If the commissioner's determination is to be reviewed, that review should be conducted in a proceeding for that purpose. If the rate so charged is not paid the commissioner may, if not against public interest, order the discharge and exclusion of the patient from a public institution in the department. (Mental Hygiene Law, § 24-a.*)

It is the court's recollection that upon the argument of this question the court directed payment of this charge by the committee. Such payment will be directed.

(2) Is the committee entitled to commissions on income received in years in which he has paid out the whole income without deducting his commission, or has not retained in that year sufficient income for that purpose?

The Attorney-General argues that where the committee has paid out in any given year all of the income received in that year, he will be held, as a matter of law, to have waived his commissions thereon and cites section 1378 of the Civil Practice Act and subdivision 7 of section 285 of the Surrogate's Court Act.

The statements in section 1378 of the Civil Practice Act that " The provisions of the surrogate's court act prescribing the

form of the papers to be filed upon the annual accounting of a general guardian of an infant's property, apply to a committee of the property appointed as prescribed in this article '' and '' For the purpose of filing such annual inventory, account and affidavit, the committee is deemed a general guardian of the property '' have been interpreted, and it seems to me correctly, to convert committees and incompetents into guardians and wards for the limited purpose of requiring committees to file the same form of inventory and account as is required of guardians. (*Matter of Martin,* 135 Misc. 118.) Section 1378 does not modify section 1376 of the Civil Practice Act to require admeasurement of the commissions of the committee by that rule applicable to commissions of the guardians as would be the case were subdivision 7 of section 285 of the Surrogate's Court Act held to prevail.

It is held in *Matter of James* (261 App. Div. 480, 482) that '' The determination of the right to, and the amount of, commissions of a committee   *   *   *   must be based on the literal application of the language of the Civil Practice Act (§ 1376), and the committee allowed ' the same compensation as an executor, administrator or testamentary trustee,' despite the difference in the nature and functions of the two classes of fiduciaries and irrespective of the element of title.''

It is to be noted that the Legislature, by chapter 753 of the Laws of 1944, amended section 1378 of the Civil Practice Act by deleting the words '' and awarding and determining the amount of the commissions of such guardian '' from the sentence prescribing the form of papers to be used. It is a well-established rule that the commissions to which fiduciaries are entitled are to be determined in accordance with the law in effect at the time of the settlement of their accounts. (*Matter of Barker,* 230 N. Y. 364, 372, and cases there cited; *Matter of Hurlbut,* 180 Misc. 681; *Matter of Garmes,* 159 Misc. 470.)

Section 1376 of the Civil Practice Act provides: '' A committee of the property is entitled to the same compensation as an executor, administrator or testamentary trustee.'' That portion quoted was adopted, unchanged, from section 2338 of the Code of Civil Procedure. At the time of the enactment of the Civil Practice Act (L. 1920, ch. 925) section 2753 of the Code of Civil Procedure (later section 285 of the Surrogate's Court Act) provided for the '' Commissions of executor, administrator, guardian or testamentary trustee.'' By later amendments that section has been limited to the commissions of executors, administrators or guardians and section 285-a provides for the com-

missions of a testamentary trustee or an executor acting as a trustee or as a fiduciary for the benefit of a life tenant.

A literal application of the language of section 1376 of the Civil Practice Act requires that the compensation of the committee be measured by a rule common to the three named fiduciaries rather than by a rule applicable to less than all. If this be correct, then the rates provided in the first four subdivisions of section 285 of the Surrogate's Court Act must be followed, unrestricted by the subsequent subdivisions of that section (subd. 7) limiting, under stated conditions, compensation to some, but not all, of the named fiduciaries. The same would be true of the provisions of section 285-a of the Surrogate's Court Act which provides for compensation, under stated circumstances, of but two of the named fiduciaries.

It would appear that this was the legislative intent. It would have been a simple matter to have provided that the compensation of committees be limited as provided in subdivision 7 of section 285, for guardians, or as provided in subdivision 1C of section 285-a for testamentary trustees or executors administering annuity trusts. This the Legislature has not done.

There is a good reason why this has not been done by the Legislature. The rule that the fiduciary of a testamentary trust directing periodic payments of income shall be limited in his commissions to the income of each year, antedates the statutory provision to that effect and was founded upon the sound reason that were the fiduciary to be permitted to withdraw several years' income commission from the income of one subsequent year, the beneficiaries' income in that subsequent year would be depleted and the testator's purpose defeated. (*Olcott* v. *Baldwin,* 190 N. Y. 99, 110.)

This reasoning has no application to the compensation of a committee. He is not administering a trust requiring the payment of annual income to the incompetent.

On the other hand, he is, under the control of the court, handling the incompetent's own estate during the incompetency, for the maintenance of the incompetent and his dependents. Commonly the income of such estates is entirely insufficient for that purpose and the committee is required to expend all income and part of the corpus for that purpose year after year.

Is it to be held that the legislative intent is that the committee must in those years further deplete the corpus for his commissions or be held to have forfeited them? The Legislature has not said so.

Until March 31, 1930, the committee could get no part of his commissions until he made an accounting. (*Matter of Garmes,* 159 Misc. 470, *supra.*)   It would not be just to hold that, because of the present statutory provisions, he may have no compensation for his services rendered in the period prior to that date.

There is nothing in the papers submitted, other than the lapse of time, to indicate that the committee has at any time waived or intended to waive his commissions.   No question is raised that his account is in any respect incorrect or that he has in any way mishandled the incompetent's estate.   It is conceded that all expenditures made by the committee were for the benefit of the incompetent.

There remains in the estate ample funds to allow payment to him of his commissions admeasured by subdivisions 1–4 of section 285 of the Surrogate's Court Act upon all moneys received and paid out.   Such commission upon all moneys received and paid out will be allowed and directed to be paid.

Settle order on notice.