578 F.2d 674
 George A. RUD, by Lawrence R. Smith, his next friend, on
behalf of himself, and all others similarly
situated, Plaintiff-Appellant,
v.
Walter P. DAHL, Presiding Judge of the Probate Division of
the Circuit Court of Cook County, Anthony J. Kogut, Judge of
the Probate Division of the Circuit Court of Cook County,
Morgan M. Finley, Clerk, Circuit Court of Cook County and
Anthony G. Girolami, Associate Clerk, Probate Division,
Circuit Court of Cook County, Defendants-Appellees.
 No. 77-2052.
 United States Court of Appeals,
Seventh Circuit.
 Argued April 21, 1978.
Decided June 5, 1978.*
 
 Robert S. Berger, Legal Assistance Foundation of Chicago, Chicago, Ill., for plaintiff-appellant.
 John A. Dienner, III, Asst. State's Atty., Chicago, Ill., for defendants-appellees.
 Before TONE and BAUER, Circuit Judges, and CAMPBELL, Senior District Judge.**
 PER CURIAM.
 
 
 1
 This is a suit brought under 42 U.S.C. § 1983, in which plaintiff Rud attacks the facial constitutionality of the Illinois statutory scheme under which he was adjudicated incompetent and a conservator appointed to manage his person and estate. Ill.Rev.Stat. ch. 3, §§ 11-2, et seq. Rud contends that the statutory scheme violates the due process clause of the Fourteenth Amendment in that it permits an adjudication of incompetency to be made without affording the alleged incompetent adequate notice of the nature and consequences of the proceeding and without requiring his presence at the hearing or at least appointment of counsel to protect his rights. Plaintiff seeks declaratory and injunctive relief, but no damages, on behalf of a class composed of all persons adjudicated incompetent in Cook County, Illinois on or after June 17, 1976. The defendants are the Chief Judge of the Probate Division of the Circuit Court of Cook County, another judge of that court, the Clerk of the Circuit Court, and the Associate Clerk in charge of the Probate Division. Defendants moved in the district court for dismissal of the complaint on numerous grounds, including comity, abstention, and failure to state a claim upon which relief could be granted. Without reaching the class certification issue, which plaintiff has not raised on appeal, the district court granted defendants' motion to dismiss for failure to state a claim to relief on grounds of comity and judicial immunity.
 
 
 2
 We affirm the district court's judgment for the reasons noted below.
 
 I.
 
 3
 Although we agree with plaintiff that, because no monetary damages are sought, the defendants are not immune from suit in the circumstances of this case, Hansen v. Ahlgrimm, 520 F.2d 768, 769 (7th Cir. 1975), we affirm the district court's judgment without reaching the comity and abstention issues raised on appeal because plaintiff's complaint fails to state a claim to relief.
 
 
 4
 For purposes of reviewing the district court's dismissal of plaintiff's complaint, we have, of course treated all of the well-pleaded factual allegations of the complaint as true. Walker Process Equipment v. Food Machinery & Chemical Corp., 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965). The relevant facts therein alleged are quite simple. Plaintiff, an 81-year-old resident of a nursing home, was served with a summons to appear at a hearing on a petition to appoint a conservator for him. For reasons left unsaid in the complaint, plaintiff did not respond to the summons and failed to appear at the hearing in person or by counsel. No inquiry was made at the hearing into the reasons underlying his absence, and no counsel was appointed to represent his interests. Nevertheless, he was adjudicated incompetent on the basis of the verified petition and a physician's affidavit that plaintiff was physically and mentally incapable of managing his person and estate because of congestive heart failure, pulmonary fibrosis, generalized arteriosclerosis, and cerebral dementia. As a consequence of the adjudication, the complaint alleges, plaintiff has lost all control over his person and estate.
 
 
 5
 The complaint further alleges that the Illinois statutory scheme pursuant to which plaintiff was adjudicated incompetent is unconstitutional because (1) the notice provided alleged incompetents of the hearing is not reasonably calculated under all the circumstances to apprise them of the nature and consequences of the proceeding and of the fact that a substantial interest is involved; (2) the adjudication is permitted to proceed in the absence of the respondent and without a valid waiver of his right to be present; and (3) no counsel is appointed to protect the respondent's rights if he fails to personally appear at the hearing. These conclusory allegations of law, of course, need not be taken as true, but they do serve to frame the issues on appeal as to the legal sufficiency of plaintiff's complaint.
 
 II.
 
 6
 We turn first to plaintiff's contention that the Illinois statutory scheme is constitutionally deficient because it does not require that the notice be given of the incompetency hearing in a manner reasonably calculated under all the circumstances to apprise its recipient of the nature and potential consequences of the proceeding.
 
 
 7
 As plaintiff appears to concede, there is no constitutional infirmity in the mode and manner of service required by the statute or in the manner in which service was made on the plaintiff in this case. The general statutory rule, which was followed in this case, is personal service of the summons and petition on the alleged incompetent, along with personal or mail service of notice of the time, date and place of the hearing on the alleged incompetent's three closest living relatives. Ill.Rev.Stat. ch. 3, § 11-10(a)-(b). Accordingly, if the notice provided plaintiff was inadequate as a matter of due process, it is because of the content of the notice given rather than the failure to give any notice, or the manner in which it was served.
 
 
 8
 Plaintiff has alleged that the notice provided was substantively deficient because it did not offer any definition of the terms "incompetent" or "conservator," did not state on its face the legal standard governing adjudications of incompetency, and did not specify the legal consequences and practical ramifications resulting from the granting of the petition. Apparently because of these deficiencies, the complaint asserts in conclusory fashion that the notice given alleged incompetents is not "reasonably calculated under all the circumstances to appraise (sic ) the alleged incompetent(s) of the pendency and nature of the proceeding and of the fact that a substantial interest is involved, in violation of the Fourteenth Amendment to the United States Constitution." We disagree.
 
 
 9
 The summons served on plaintiff attached to his complaint states:
 
 
 10
 "You are summoned to appear at a hearing on a petition, a copy of which is attached, asking that you are adjudged an incompetent and that a conservator be appointed of your estate and person. The day for appearance is June 17, 1976 at 11:30 a. m., Room 1803 Chicago Civic Center, Chicago, Illinois 60602. IF YOU DO NOT APPEAR, THE PETITION MAY BE GRANTED."
 
 
 11
 On its face, the summons is substantively sufficient to inform the recipient of the pendency, time, date and place of the hearing involved. Moreover, it clearly reveals the nature of the proceeding as one calling into question the recipient's ability to manage his own person and estate, especially when read in conjunction with the petition attached thereto.
 
 
 12
 As required by statute, the petition states that the petitioner, plaintiff's brother, alleges under oath that plaintiff is incompetent and incapable of managing his estate and person. The reasons given in the petition for plaintiff's incompetency include congestive heart failure, pulmonary fibrosis, generalized arteriosclerosis, and cerebral dementia. The petition, as required by statute, sets forth the approximate value of plaintiff's gross estate and his anticipated annual gross income. It lists, as required by statute, plaintiff's three closest living relatives and their current addresses. Finally, it specifically requests that plaintiff "be adjudged an incompetent," that the petitioner be appointed conservator of plaintiff's estate and person, and that an authorization to appraise the plaintiff's goods and chattels be issued.
 
 
 13
 We fail to see the substantive deficiencies of the above summons and petition. On their face, the summons and petition reveal the nature of the proceeding to which plaintiff was personally summoned as one calling into question plaintiff's ability to manage his person and estate. The legal standard governing incompetency proceedings inability to manage one's person and estate is implicit, as are the legal consequences flowing from such an adjudication loss of control over one's person and estate in favor of a "conservator" or guardian. Accordingly, we believe that the notice provided plaintiff of the pendency and nature of the proceeding was "reasonably calculated under all the circumstances, to apprise (him) of the pendency of the action and afford (him) an opportunity to present (his) objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 685 (1950). That is all due process requires.
 
 
 14
 Of course, there may be situations in which physical service of notice alone does not afford adequate notice under all the circumstances. Dale v. Hahn, 486 F.2d 76, 78 (2d Cir. 1973), cert. denied, 419 U.S. 826, 95 S.Ct. 44, 42 L.Ed.2d 50 (1974). In this case, however, we are satisfied that the notice given plaintiff was sufficient as a matter of due process to inform plaintiff of the general nature and consequences of the proceeding. Significantly, plaintiff has not even alleged that he did not understand the notice given him. Nor has he favored us with a statement of any circumstances calling the reasonableness of the notice into question. As we believe the notice given him is sufficient on its face as a matter of due process, we hold that his complaint fails to state a claim to relief on the basis of inadequate notice. Given the notice actually provided plaintiff, there are no set of facts that he could prove at trial rendering the notice constitutionally deficient. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.E.2d 80 (1957).
 
 III.
 
 15
 We turn next to plaintiff's contention that the Illinois statutory scheme is additionally unconstitutional because it permits an adjudication of incompetency to occur in the absence of the alleged incompetent. We find plaintiff's complaint legally insufficient to state a claim to relief.
 
 
 16
 Plaintiff, of course, has a constitutional right to be present and be heard at any judicial proceeding, including an incompetency hearing, at which his liberty and property interests may be affected. But, as a general rule, all due process requires is that plaintiff have been afforded an opportunity to be present and be heard, and plaintiff was afforded such an opportunity. He was personally served with a summons notifying him of the time, date and place of the hearing, and informing him in bold type that "IF YOU DO NOT APPEAR, THE PETITION MAY BE GRANTED." Having been notified of the pendency and nature of the proceedings, as well as of the consequences of not attending, plaintiff, for reasons not disclosed in the complaint, did not attend the hearing. Nor did plaintiff seek to have the proceeding continued, in the event that he was unable to attend on the scheduled date for reasons outside his control. Accordingly, by failing to attend in person or by counsel, plaintiff waived his right to be present and be heard.
 
 
 17
 It is true that in some quasi-criminal, as well as criminal proceedings, a defendant's actual presence in court is deemed a constituent element of due process. Specht v. Patterson, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967). This, however, results in large measure from the force of the Sixth Amendment, as incorporated in the due process clause, which by its own terms applies only to criminal proceedings. Apart from Specht, which involved a special sentencing proceeding following on the heels of a criminal conviction, the Supreme Court has never held that a civil proceeding requires the presence of the respondent as an element of due process. We are unpersuaded that the Court would extend its Specht holding outside the quasi-criminal context in which it arose, notwithstanding the substantial liberty interests implicated by an incompetency proceeding. Accordingly, insofar as the plaintiff's complaint alleges that he was denied due process of law simply because the adjudication proceeded in his absence after he failed to attend, we hold that it fails to state a claim to relief.
 
 IV.
 
 18
 We turn last to plaintiff's contention that the Illinois statutory scheme is constitutionally deficient because it does not require that a guardian ad litem be appointed to represent the alleged incompetent's rights at the hearing.
 
 
 19
 At the outset, it is essential to recognize that plaintiff is not claiming that the Illinois statutory scheme denies him the right to representation by counsel, if he chooses to be so represented. Nor are we dealing with an indigent unable to afford counsel, who requests the State to appoint one on his behalf. At least the complaint does not disclose any denial of a request for appointed counsel. Rather, plaintiff's complaint is that the State is constitutionally compelled to appoint counsel, whether or not the alleged incompetent requests such an appointment. In effect, plaintiff argues that no adjudication of incompetency can take place in the absence of counsel, or at least a valid waiver of the right to counsel.
 
 
 20
 Of all of plaintiff's arguments, this one has the most appeal, for, unlike the alleged constitutional requirement that the respondent actually be present at the hearing, the appointment of counsel in respondent's absence bears more directly on the accuracy of the fact-finding process. Moreover, the requirement that counsel be appointed or expressly waived before the adjudication takes place has been extended to certain civil proceedings. In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) (juvenile court proceeding); Heryford v. Parker, 396 F.2d 393, 396 (10th Cir. 1968) (involuntary commitment proceeding). However, notwithstanding the significant liberty interests implicated in an incompetency proceeding, we are unpersuaded that the presence of counsel is an essential element of due process at such a proceeding. First of all, the nature of the intrusion on liberty interests resulting from an adjudication of incompetency is far less severe than the intrusion resulting from other types of proceedings in which the presence of counsel has been mandated. Involuntary incarceration, for example, does not result from an incompetency proceeding. Moreover, the technical skills of an attorney are less important, as the procedural and evidentiary rules of an incompetency proceeding are considerably less strict than those applicable in other types of civil and criminal proceedings. Finally, the costs associated with the mandatory appointment of counsel will undermine one of the essential purposes of the proceeding itself protection of the limited resources of the incompetent's estate from dissipation for few alleged incompetents will be able to effect a "knowing and intelligent" waiver of undesired counsel. Accordingly, for these reasons and because we doubt that the presence of counsel is essential to protect the accuracy of the fact-finding process at incompetency hearings, we decline to require the mandatory appointment of counsel as an essential element of due process. We hold that plaintiff's allegation that the Illinois statutory scheme is unconstitutional because it does not mandate the appointment of counsel for alleged incompetents fails to state a claim to relief.
 
 
 21
 The district court's judgment is AFFIRMED.
 
 
 22
 TONE, Circuit Judge, concurring.
 
 
 23
 Although I am not prepared to disagree with what is said by the court, I prefer to rest my vote for affirmance on a narrower ground. This being an action solely on behalf of the named plaintiff,[1] he can attack the statute only insofar as it impinges on his constitutional rights; he may not vicariously vindicate the constitutional rights of others.[2] He neither alleges nor contends that he did not receive and understand the process and notice of hearing or that his failure to attend the hearing or to engage an attorney was not the result of an informed and voluntary decision. Nor has he alleged that he was not in fact legally incompetent at the time he was so adjudicated. In short, we are unable to ascertain from the record before us that there was any departure from due process in the procedure by which plaintiff was adjudicated an incompetent. He is therefore not entitled to relief.
 
 
 
 *
 This appeal was originally decided by unreported order on June 5, 1978. See Circuit Rule 35. The court has subsequently decided to issue the decision as an opinion
 
 
 **
 The Hon. William J. Campbell, United States District Court for the Northern District of Illinois, is sitting by designation
 
 
 [1]
 When the District Court has not made a class determination, we treat the action as one by the named plaintiff only. Case & Co., Inc. v. Board of Trade of City of Chicago, 523 F.2d 355, 360 (1975)
 
 
 [2]
 Warth v. Seldin, 422 U.S. 490, 499, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)